## PLAZUELA SUGAR CO. v. PASTORIZA et al.
### (two cases).

### (Circuit Court of Appeals, First Circuit. August 25, 1917.)

### Nos. 1262, 1263.

**1. COURTS ⌒405(1)—CIRCUIT COURT OF APPEALS—DECISIONS APPEALABLE—SCOPE OF REMEDY.**

Where plaintiffs' complaint, seeking a judgment enjoining the operation of a railroad constructed upon their lands by defendant and an order directing removal, was dismissed in the district court, but the Supreme Court of Porto Rico, on appeal, reversed the district court's judgment, and entered judgment in accordance with the prayers of the complaint, an appeal to the Circuit Court of Appeals for the First Circuit is an appropriate procedure to review the judgment of the Supreme Court of Porto Rico, and a writ of error to the judgment must be dismissed.

**2. RAILROADS ⌒65—RIGHT OF WAY—RIGHT TO.**

Where defendant entered on plaintiffs' land and constructed a railroad, without obtaining any grant of a right of way or paying any consideration, and in reliance solely on plaintiffs' alleged oral permission and their acquiescence, defendant did not establish any right to continue the operation, but at most should be treated as a licensee under a license revocable at pleasure, and on plaintiffs' revocation of the license the railroad may be directed removed.

**3. COURTS ⌒406(1)—SUPREME COURT OF TERRITORY—REVIEW—DETERMINATION OF LOWER COURT.**

In reviewing a judgment of the Supreme Court of Porto Rico, in an action where the local law governs, the Circuit Court of Appeals must uphold the decision of the lower court, unless convinced that clear error was committed.

**4. ESTOPPEL ⌒93(4)—EQUITABLE ESTOPPEL—HOW RAISED.**

Though plaintiffs gave defendant an oral license to construct a railroad on their lands, and allowed the construction without objection, making no objection to the operation of such road until after it had been continued for over five years, plaintiffs' acquiescence did not, the railroad not being used as a common carrier, but solely for defendant's benefit, ripen into an equitable estoppel, precluding plaintiffs from thereafter requiring the removal of the road.

Appeal from and in Error to the Supreme Court of Porto Rico.

Action by José Maria Torres Pastoriza and others against the Plazuela Sugar Company, begun in the district court for Porto Rico, where the complaint was dismissed. On appeal to the Supreme Court for Porto Rico, there was a judgment for plaintiffs, and defendant appeals and brings error. Judgment appealed from affirmed, and writ of error dismissed.

Joseph B. Jacobs, of Boston, Mass. (Cay. Coll Cuchi, of San Juan, Porto Rico, and Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant and plaintiff in error.

Otto Schoenrich, of New York City (Curtis, Mallet-Prevost & Colt, of New York City, on the brief), for appellees and defendants in error.

Before DODGE and BINGHAM, Circuit Judges, and BROWN, District Judge.

⌒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

DODGE, Circuit Judge. Both these proceedings seek the reversal of a judgment rendered by the Porto Rican Supreme Court July 28, 1916. The judgment was rendered in a case originally brought by the appellees and defendants in error here, hereinafter called plaintiffs, in the district court of Arecibo, against the appellant and plaintiff in error, hereinafter called defendant.

There is no dispute that the defendant, a corporation operating a sugar mill in Arecibo, had in 1907 or 1908 built a private railroad, which crossed lands owned by the plaintiffs, and had since operated said railroad by running trains over it, which carried sugar cane to said factory across the plaintiffs' lands. Alleging that they had never "executed any deed of servitude on behalf of the defendant corporation," and had repeatedly requested the defendant to discontinue running said trains and remove said tracks from their lands, the plaintiffs' complaint asked the court of first instance to declare that "no servitude existed on behalf of any estates of the defendant," to enjoin further operation of the railroad upon their lands and to order removal of the tracks therefrom.

[1] From the dismissal of their complaint by said district court, the plaintiffs appealed to the Supreme Court, which reversed the judgment below and entered judgment in accordance with the prayers of the complaint, which is the judgment now before us for review. We see no reason to doubt that it is properly here under the appeal. The assignments of error relied on are the same in both proceedings.

[2, 3] The defendant showed no written grant from the plaintiffs of any right whatever to use their land, nor anything in writing evidencing their consent, either to the original building of the railroad within their premises or to its subsequent maintenance there. The defendant relied solely on alleged oral consent by the plaintiffs to the building of the railroad and their subsequent acquiescence without objection in its operation. It did not appear that the plaintiffs ever requested the building of said railroad or were in any way benefited thereby. The oral consent relied on was given upon a request by the defendant for permission to lay its rails over the premises. No payment or other recompense, either for permission to lay the rails or to maintain them, was ever offered to or received by the plaintiffs, so far as shown. The Supreme Court held that there had been no consideration sufficient to give the defendant the rights which it asserted.

Upon the evidence, we find no reason for differing from the conclusions adopted by the Supreme Court. The plaintiffs, in our opinion, sufficiently established their right to the relief sought. It could not justly be said that the defendant had ever acquired rights against the plaintiffs beyond those of a licensee under a license revokable at their pleasure. The question was, of course, to be determined according to the law of Porto Rico; and, so far as that law is involved, we must uphold the decision of the court below, unless convinced that clear error was committed by it. Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538. Such conviction is wholly wanting in the present case.

[4] That the plaintiffs became equitably estopped to revoke the license given when the railroad was built by their acquiescence in the defendant's subsequent use of their land, under the circumstances shown, we are entirely unable to believe. No public right or convenience is involved. We cannot hold that the plaintiffs have forfeited any rights belonging to them as owners of their land, merely because they have been accommodating enough to let the defendant use it as above, without pay, for its own benefit, during the six or seven years preceding their institution of this suit.

In No. 1262, the judgment appealed trom is affirmed, and the appellees recover their costs of appeal.

In No. 1263, the writ of error is dismissed, without costs.

---

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied December 19, 1917.