### PLAZUELA SUGAR CO. v. ALVAREZ.

(Circuit Court of Appeals, First Circuit. February 5, 1924.)

No. 1658.

1. Courts ⊜406(1)—Porto Rico decision on question of local law affirmed, unless clearly erroneous.

The decision of the Supreme Court of Porto Rico on a question of local law should be affirmed, unless clearly erroneous.

2. Appeal and error ⊜434, 773(2)—Failure to file brief or appear for argument warrants dismissal of appeal.

Under rule 24 of the Circuit Courts of Appeals, this court is justified in dismissing an appeal, where appellant neither files a brief nor appears for oral argument.

Appeal from the Supreme Court of Porto Rico.

Suit in equity by Eulogia Colon Alvarez against the Plazuela Sugar Company. From a decree of the Supreme Court of Porto Rico, defendant appeals. Affirmed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

R. Rivera Zayas, of San Juan, Porto Rico, for appellant.

Jose R. F. Savage, of San Juan, Porto Rico (Otto Schoenrich and Curtis, Mallet-Prevost & Colt, all of New York City, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This case is ruled by Plazuela Sugar Co. v. Pastoriza, 245 Fed. 115, 157 C. C. A. 411. It comes here on appeal from the Supreme Court of Porto Rico, reversing the district court of Arecibo, and holding that the appellant sugar company had no easement or other legal right, however named, to maintain and operate the railroad tracks over the appellee's land; that the tracks were placed and remained on the locus under a merely revocable oral license.

[1] The rule that the decision of that court on a question of local law should be affirmed, unless clearly erroneous, applies. Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538. Examination of the record convinces us that the court below did not err, but was plainly right.

[2] We may add that the appeal might have been appropriately dismissed because of the appellant's failure either to file a brief or to appear to be heard orally. See Fitch v. Richardson, 147 Fed. 196, 77 C. C. A. 422; rule 24.

But, as the appellee filed a brief, appeared by counsel, and desired this court to hear the case on the merits, this court thought this the better course.

It should be added that, after the oral argument had actually begun, the clerk of this court received through the mail a motion for a continuance, on the ground that in May, 1923, the plaintiff appellee's predecessor in title had brought an ejectment or possessory suit against both plaintiff and defendant, seeking possession of the locus. Not only did this motion come too late, but it is without merit. An attempt by a stranger to this litigation to oust both plaintiff and defendant from the locus furnishes no adequate reason for this court to delay determination of the respective rights of the plaintiff and the defendant.

The decree of the Supreme Court of Porto Rico is affirmed, with costs to the appellee in this court.