## CABO RODRIGUEZ et al. v. ANAUD.

### No. 2495.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1931.

Jose R. F. Savage, of New York City (Leopoldo Feliu and Ricardo La Costa, Jr., both of San Juan, Porto Rico, on the brief), for appellant.

Samuel R. Quinones, of San Juan, Porto Rico, for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is a plenary suit or complaint, under the provisions of the Mortgage Law of Porto Rico, brought by Fermina Isabel Anaud against Jose Martinez Gonzalez (in which Eladio Yenderrozo and Ignacio Cabo Rodriguez were later, by supplemental complaints, made defendants), to have a certain summary foreclosure proceeding, instituted by Martinez, mortgagee, against the complainant, mortgagor, set aside and declared void, and to have the marshal's sale and deed of the property to Martinez, his deed thereof to Yenderrozo, and the deed of the latter to Rodriguez declared null and their record in the Registry of Property canceled.

In the District Court of San Juan, the summary foreclosure proceeding was declared null and void, and it was specifically adjudged (1) that the writ requiring the defendant in the foreclosure proceeding to pay and the order for the sale of the mortgaged property were without force and effect; (2) that the writ issued to the marshal to carry out the order of sale and everything done thereunder by the marshal, including the public sale and the deed of conveyance to Jose Martinez Gonzalez, were also without force or effect; and (3) that the transfer of the property by Martinez Gonzalez to Yenderrozo was simulated, and likewise without force and effect. It ordered the cancellation of the record in the Registry of the marshal's deed to Martinez Gonzalez, and of any record that might have been made of the conveyance by Martinez to Yenderrozo. As to Ignacio Cabo Rodriguez, it was adjudged that he was a purchaser in good faith, and an innocent third party as to the matters alleged in the amended and supplemental complaints. Both parties appealed to the Supreme Court of Porto Rico.

In that court, the judgment of the District Court, in so far as it adjudged Cabo Rodriguez to be a purchaser in good faith and an innocent third person, was reversed, and, in its stead, it was adjudged that he was not a third party to the causes of nullity alleged in the amended and supplemental complaints; that the sale of the property made by Yenderrozo to Cabo Rodriguez was null and void, and any entry thereof in the Registry of Property was ordered canceled; that Cabo Rodriguez reinstate the plaintiff in possession of the property, with all accessions and improvements; and that he pay the plaintiff for the fruits and profits of the property the sum of twenty dollars per month from April 1, 1926, to the date of reinstatement; but affirmed the judgment appealed from in all other particulars.

From this judgment, Cabo Rodriguez alone appealed to this court.

The facts are as follows: In April, 1921, one Ramon Portela was the owner of a house and lot, used as a store, situated on Loiza street in the ward of Santurce, city of San Juan, and mortgaged the same to Dona Josefa Umpierre to secure a loan of $2,000, with interest thereon at the rate of one per cent. a month. Costs and attorney's fees were not mentioned in this instrument. In May, 1923, Mrs. Umpierre assigned the mortgage to Jose Martinez Gonzalez. In the instrument of assignment, in which Ramon Portela appeared as a party, the mortgage was extended to May 30, 1925, and there was inserted the clause, "an additional sum of two hundred dollars is fixed for costs and attorneys' fees,

the mortgage being increased to that extent." On the same day, Ramon Portela leased the mortgaged property to Jose Martinez for a term of two years ending May 7, 1925, at a monthly rental of $30. Later Ramon Portela sold his equity in the property to Fermina Isabel Anaud, a resident of Spain, for whom he thereafter, as agent and attorney in fact, collected the monthly rental and paid the interest on the mortgage at the agreed rate of one per cent., or $20 per month.

The lease having expired on May 7, 1925, Mrs. Anaud, through her agent and attorney in fact, Ramon Portela, on May 15, 1925, notified Jose Martinez in writing that the lease had expired, and requested that possession of the premises be surrendered as soon as possible. At the end of May, 1925, the interest on the mortgage for the month of May was paid and a receipt taken therefor.

June 3, 1925, Martinez brought a petition for the summary foreclosure of the mortgage, in which he prayed for a writ demanding payment of $2,000 as principal, $25 as interest due May 30, 1925, and $200 as indemnity for costs, disbursements, and attorneys' fees. A writ issued June 6th and was served June 20th on Maria Luisa Blanco (the daughter of Mrs. Anaud and wife of Ramon Portela) at number 34 Luna street, San Juan, as the person in charge of the mortgaged property. Maria Luisa Blanco was not the authorized agent of either her mother or her husband, nor was she in charge of the mortgaged property.

On June 26, 1925, Rafael Portela, a brother of Ramon, made a deposit in court in the foreclosure proceeding of $2,000 for the payment of the amount of the mortgage. Jose Martinez accepted the $2,000 as a partial payment of his claim of $2,225, and moved for an order authorizing the issuance of a check for the amount of the deposit. August 19, 1925, the district judge directed the secretary to issue a check to Martinez for the amount of the deposit to be thus credited on his claim.

Thereafter, on July 21, 1925, Martinez moved for an order directing a sale of the mortgaged property for the payment of interest to May 30, and of the $200 indemnity for costs, disbursements, and attorneys' fees. The next day the district judge ordered the sale, and the property was sold on the 18th of August, 1925, to Jose Martinez, who was the only bidder, for $1,200. On the purchase price he was credited by the marshal with $225 in satisfaction of his claim for ac-

crued interest and the item of $200 to cover costs, disbursements, and attorneys' fees, and paid the balance in cash to the marshal. October 10, 1925, the marshal executed a deed to Jose Martinez of the property and, on the same day, Martinez conveyed it to Eladio Yenderrozo; both of these deeds were recorded in the Registry of Property on October 13, 1925.

August 18, 1925, Mrs. Anaud brought the present suit or complaint against Martinez to have the foreclosure proceeding adjudged null and void. And on November 5, 1925, through her attorney, she filed with the Registrar of Property of San Juan a certified copy of the complaint in her suit against Martinez as it then stood. November 14, 1925, the Registrar declined to record the complaint as a permanent record of notice of lis pendens, but entered a caveat for 120 days.

On November 21, 1925, Yenderrozo conveyed the property to Ignacio Cabo Rodriguez. July 30, 1926, Yenderrozo and Cabo Rodriguez by supplemental complaints were made parties defendant.

In his assignments of error on this appeal, the appellant complains that the Supreme Court erred in holding that he was not a third party and a purchaser in good faith, and assumed that the court held that he was "bound by a certain lis pendens filed in the Registry of Property in San Juan while this suit was pending in the District Court," and that it erred in so holding.

In this court, it is conceded that the Supreme Court did not err in so far as it affirmed the judgment of the District Court declaring the summary foreclosure proceeding null and void; that the marshal's deed to Jose Martinez and the simulated transfer to Yenderrozo were without force and effect; and ordering the cancellation in the Registry of the record of the marshal's deed to Jose Martinez and of any record that might have been made of the conveyance by him to Yenderrozo.

The only question raised by the assignments of error and relied upon is, that the court erred in holding that the appellant Cabo Rodriguez was not a third party and a purchaser in good faith. In the argument of this question, counsel have assumed, as they did in the assignments of error, that the Supreme Court had held that the appellant was bound by the cautionary notice of lis pendens, and that, because of this, he was not a third party and a purchaser in good faith. They argue that the cautionary notice of lis

pendens was only for a fixed period of 120 days, and that within that time the plaintiff did not perfect her complaint in this plenary suit by making Yenderrozo a party defendant therein, but failed to do so until July 30, 1926; and that on July 30, 1926, the cautionary notice of 120 days had expired and the matter stood as though no cautionary notice had ever been filed and recorded, as respects Cabo Rodriguez.

 If this is conceded to be true, it is not an answer to the conclusion reached by the Supreme Court, for its decision is not based on the premise assumed by appellant's counsel, that he was bound by the cautionary notice of lis pendens. The Supreme Court did not even discuss that question. It based its decision on the construction of articles 27, 33, and 34 of the Mortgage Law, Article 175 of the Regulations for the Execution of that law and what was done under those provisions in the summary foreclosure proceedings. It pointed out that, independently of and apart from the cautionary notice of lis pendens, it appeared in the Registry "that the property had been awarded to Martinez as the sole bidder and purchaser, that he was the mortgage creditor in the summary foreclosure proceeding, and that the property had been conveyed by Martinez to Yenderrozo, the vender of Cabo Rodriguez"; and it held that Cabo Rodriguez, by virtue of the facts thus appearing in the Registry, "was thereby charged with notice that Martinez's title, and therefore his own, depended on the validity of the foreclosure proceeding"; that "he knew that if the foreclosure proceeding was void, Martinez had nothing to convey to Yenderrozo and Yenderrozo could not sell what he did not own"; that "aside from any question of lis pendens, or constructive notice thereof, Rodriguez accepted the deed from Yenderrozo, as Yenderrozo accepted the deed from Martinez and as Martinez accepted the deed from the marshal, subject to the right of the mortgage debtor to attack the summary foreclosure proceeding by bringing the plenary action referred to in Article 175, supra, and subject to the result of such action"; that "to hold otherwise would take from the mortgage debtor his only remedy for any wrong that may be done by a mortgage creditor under cover of the summary foreclosure proceeding, rob him of his day in court such as it is, and render the summary foreclosure proceeding unconstitutional"; that from this "it follows that Cabo Rodriguez was not, in the eye of the law, an innocent third person, or purchaser in good faith"; and that "Section 370 of the Civil Code has nothing to do

with the case," for that relates to one who has built, sown or planted in good faith.

In other words, it held that, as the Registry disclosed that the titles of Martinez and Yenderrozo were based upon a summary foreclosure proceeding, Cabo Rodriguez took his deed from Yenderrozo, charged with notice that his title depended upon the validity of the foreclosure proceeding, as determined in an action by the mortgage debtor attacking the same.

It seems to us the Supreme Court might also have added that it appears from the foreclosure proceeding, incorporated in the marshal's deed and recorded in the Registry, that Martinez, in his foreclosure complaint, demanded and, as the minutes of the auction sale show, received as interest for the month of May a sum in excess of the amount due and agreed upon in the mortgage, or fixed in the order of the court to the marshal authorizing the sale, which was "to sell at public auction the mortgaged property, in order to pay the plaintiff the interest due on the sum of $2,000 at the rate of one per cent. per month from the first to the 30th of May, 1925." Also that the Supreme Court could have pointed out that, under article 171, paragraph 4, of the Regulations for the Execution of the Mortgage Law it is provided that "when the demand for payment is not served at the domicile of the person from whom payment is due, nor on an attorney in fact or lessee having charge of the estate, it shall be published in addition by means of edicts which shall be inserted in the gazette of the corresponding island, and in such case the term of 30 days shall begin to be counted from the date of the publication in said official periodical"; that no publication was had; that the writ in which the marshal was ordered to demand payment directed him to "notify this demand for payment, by delivering a copy of the petition and of this writ to the mortgagor Fermina Isabel Anaud widow of Blanco or to the person whom in any legal capacity may be in possession of the property"; that his return on the writ shows that he was unable "to serve the foregoing writ personally on the mortgagor debtor, Fermina Isabel Anaud," and "was unable to locate her anywhere within the city or to obtain information from any person with regard to her whereabouts"; that he "served the same on the 20th of June, 1925, at this City of San Juan, No. 34 Luna Street, Northern Section of Ponce de Leon Avenue, by requesting Maria Luisa Blanco Anaud personally, the person who at present is legally

in charge of the property," to notify Fermina Isabel Anaud of the demand; that thereby he did not serve the writ upon a person described as the "attorney in fact" of Mrs. Anaud "or lessee in charge" of the mortgaged property, as article 171, paragraph 4 of the Regulations requires (neither of which Maria Luisa was), if notice by publication is not to be had; and as it thus appears in the Registry that service was not made on the debtor nor upon her attorney in fact or lessee having the charge or possession of the property, and no notice by publication was had, that for this reason, as well as the one above suggested, the appellant was not a third person and a purchaser in good faith. He took with notice.

The rulings of the Supreme Court here involved relate entirely to the construction and application of local laws; and this court will not set them aside, unless it is of the opinion they are clearly wrong. Cardona v. Quinones, 240 U. S. 83, 36 S. Ct. 346, 60 L. Ed. 538; Martinez v. Mendez (C. C. A.) 256 F. 596, 600; Plazuela Sugar Co. v. Pastoriza (C. C. A.) 245 F. 115; Richardson v. Fajardo Sugar Co. (C. C. A.) 237 F. 195; Ramu v. Succession of Verges (C. C. A.) 42 F.(2d) 976, 984. And as we are of the opinion that the Supreme Court did not err, its judgment must be affirmed.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee.