**HEIRS OF FRANCESCHI v. GONZALEZ.**

No. 2720.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1932.

Henry G. Molina, of San Juan, Puerto Rico, for appellants.

O. B. Frazer, of New York City, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an action on five promissory notes. It originated in the District Court for the District of Ponce in the Island of Puerto Rico, in which court a nonsuit was granted at the close of the evidence on motion of the defendant, and the five causes of action were ordered dismissed and plaintiff ordered to pay costs. On appeal to the Supreme Court of Puerto Rico, the judgment of the District Court was affirmed. On motion for reconsideration, on the ground that two of the notes did not contain the words "value received," and that to award costs in this case was an abuse of judicial discretion, the Supreme Court of Puerto Rico refused to modify or reverse its previous order.

On petition of the plaintiff, more than $5,000 being involved in the action, an appeal to this court was allowed and the mandate of the District Court stayed.

While there were fifteen assignments of error, they are argued by the plaintiffs' counsel under seven heads, viz.:

"I. The defense of prescription was waived by the defendant.

"II. The trial court's exercise of discretion in refusing leave to amend answer should not have been disturbed by the Supreme Court.

"III. The defense of prescription, having been waived, could not be raised by amendment.

"IV. Plaintiff showed that prescription, if applicable, had been interrupted.

"V. Plaintiff showed, in accordance with previous decisions of the Supreme Court of Porto Rico, that the notes were not commercial, or commercial transactions.

"VI. The doctrine that an order note is a commercial transaction is clearly erroneous.

"VII. The allowance of costs was an abuse of discretion and contrary to previous decisions of the Supreme Court."

These alleged errors really involve four main issues: (1) Whether the notes sued were commercial transactions; (2) whether the defense of prescription was waived by failure to plead it in the answer, and there was error of law in refusing leave to the defendant to set it up by amendment to his answer, and later treating the case as though prescription had been pleaded; (3) whether the defense of prescription, if applicable, was interrupted, that is, by a new promise; and (4) whether, inasmuch as facts were alleged in the plaintiff's declaration in anticipation of and tending to destroy the defense of prescription, and proof was offered by the plaintiff for the purpose of determining this issue, the case should be decided as though the amendment was allowed setting up the defense of prescription.

The Spanish Code of Commerce is in force in Puerto Rico, except as modified by local custom or legislation or act of Congress. As interpreted by the Supreme Court of Puerto Rico, promissory notes "payable to order" are presumed to be commercial transactions until the contrary is shown, and are

prescribed after three years; article 950 of the Code (Rev. St. & Codes Porto Rico 1911, § 8509); Hernandez v. Muniz, 10 Porto Rico 16; Rosaly v. Alvarado, 17 Porto Rico 100; Roman v. Martinez, 25 Porto Rico 610; Barros v. Padial, 35 Porto Rico 237; and, while we cannot verify it, it is represented by defendant's counsel that the case of Pierluisi v. Monllor, 42 Porto Rico ——, not as yet supplied to this court, is to the same effect.

■ It is urged, however, that, because two of the notes did not contain the words "value received," they were not commercial transactions. Two answers to this contention are suggested, viz.: (1) That the omission of these words neither affects the negotiability nor the commercial character of a promissory note; (2) if the words "value received" were essential to the validity of a promissory note, or its absence raises the issue of whether they were issued for a consideration, no proof of any consideration for the two notes in question in this case was offered, and therefore no recovery could be had on them.

We think the ruling of the Supreme Court is sufficient to dispose of this contention, viz. that paragraph 7 of art. 531 of the Spanish Code of Commerce (Rev. St. & Codes 1911, § 8090, par. 7) which requires that a promissory note shall state the origin and kind of value it represents, has not been regarded as essential in Puerto Rico to the commercial character of a note issued payable to order, and has no bearing on the question of whether it represented a commercial transaction, which is finally determined by the nature of the transaction itself.

■ To overcome the presumption of the commercial character of the notes in this case, and defeat the defense of prescription, plaintiff's counsel offered proof that the payee of the note was a money lender and the maker a farmer. But proof that the parties to a promissory note are not merchants is not alone sufficient to establish the fact that the notes were not commercial in their nature, and to overcome the presumption arising from the fact that they are payable to order. Hernandez v. Muniz, supra; Rosaly v. Alvarado, supra; Barros v. Padial, supra.

"In order to designate an act, contract or dealing as mercantile, the origin of the original act must be taken into consideration, as well as the commercial character and nature of the act. On this question the judgment of the Supreme Court of Justice of June 23, 1870, states that jurisdiction of Courts of Commerce is not determined by the fact that plaintiff and defendant are merchants, or that a note payable to order is drawn by a merchant in favor of another merchant, but by the fact that the rights and duties by them contracted arise from business transactions." Estasen's Commentaries on the Commercial Code, vol. 3, p. 13.

"Commercial transactions, be they consummated by merchants or not, whether they are specified in this Code or not, shall be governed by the provisions contained in the same; in the absence of such provisions, by the commercial customs generally observed in each place; and in the absence of both, by those of the common law." Art. 2 of the Code of Commerce (Rev. St. & Codes 1911, § 7561).

"Each place" evidently refers to either the Spanish Peninsula or the several islands to which the Code was extended by royal decree in 1886.

We think there is no merit, therefore, in the first contention that on the evidence the Supreme Court erred in holding that these notes represented commercial transactions; and were prescribed after three years under art. 950 of the Code of Commerce.

■ As to the second issue, it is strongly urged by plaintiff's counsel that, even assuming that the notes in this case represented commercial transactions, prescription was waived by defendant's failure to set it up in his answer. Defendant's counsel first raised the issue on demurrer, which was properly overruled, but did not raise it in his answer. However, both before any evidence was taken out and again during the trial, he offered an amendment to the answer, pleading prescription, which on each occasion the District Court refused to allow. As the Supreme Court of Puerto Rico on appeal pointed out, one reason assigned by the District Court for refusing to allow the amendment was not well founded, when it stated: "We are of the opinion that the same is governed by law, under which the opposite party has acquired a right"; meaning that the defense of prescription once waived by failure to plead took away the discretionary power of the court to thereafter allow an amendment setting it up as a defense.

A plaintiff acquires no permanent rights because an original answer fails to plead prescription. The allowance of an amendment is discretionary with the court. The privilege of amending answers as well as complaints is carefully guarded by the Code of Civil Procedure, §§ 139 and 140.

■ The third issue was properly disposed of by the Supreme Court on the ground that, if

the plaintiff relied on a new promise as an interruption of the defense of prescription, it was necessary to allege it, which the plaintiff did not do, but relied in its complaint on the original promise; and see Martinez v. Fernandez, 19 Porto Rico 136.

The District Court, however, on the motion for a nonsuit at the close of the evidence, held the defense of prescription was still open. While the reasons assigned by the District Court for the consideration of this issue on the defendant's motion for a nonsuit may not be technically sufficient, we think the Supreme Court correctly held on other grounds that the defense of prescription was still open to consideration. Notwithstanding the failure of the defendant to plead prescription, the plaintiff clearly anticipated that it would be raised, and alleged in its complaint that the note forming the basis of its first cause of action was not a mercantile transaction, in which case there would be no defense of prescription as to that note, since a nonmercantile promise is not prescribed until after fifteen years. The plaintiffs, thus made the issue, and in the trial undertook to support this allegation as to all the notes by proof that neither of the parties thereto was a merchant, and by the further proof that prescription had been interrupted by a new promise. The Supreme Court, therefore, very properly held in accordance with its ruling in People v. Heirs of Valdes, 31 Porto Rico 213, and the common practice, that the case should be disposed of as though an amendment raising the issue had been allowed.

The Supreme Court also held that under section 142 of the Code of Civil Procedure it was warranted in disregarding any error or defect in the pleadings which did not affect the substantial rights of the parties. It was also interpreting the Spanish Code of Commerce as applied in the Island. Unless clearly wrong, this court will not interfere with the interpretation of local law by the local courts. Cardona v. Quinones, 240 U. S. 83, 36 S. Ct. 346, 60 L. Ed. 538; Ramu v. Succession of Verges (C. C. A.) 42 F.(2d) 976; Cabo Rodriguez v. Anaud (C. C. A.) 54 F.(2d) 585.

We do not think the plaintiff has shown sufficient grounds for overturning a consistent construction of the Code of Commerce by the Supreme Court of Puerto Rico over a long period of time as to the presumption of the commercial nature of promissory notes payable to order.

The allowance of costs to include counsel fees is entirely within the discretion of the trial court; section 327 of the Code of Civil Procedure. This court cannot say there was a clear abuse of discretion in this case.

The decree of the Supreme Court of Puerto Rico is affirmed, with costs.