PROVIDENCIA ROSADO, demandante y apelante, *v.* VÍCTOR SEGARRA, demandado y apelado.

Núm. 8490.—*Sometido:* Enero 15, 1943. *Resuelto:* Enero 25, 1943.

*Gustavo Cruzado Silva,* abogado de la demandante; *J. Pedro Miranda,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La demandante ha apelado de una sentencia de la corte de distrito concediéndole daños ascendentes a $40. Alega que la corte erró ·(*a*) al pesar la evidencia sobre la cual basó su concesión de $40, y (*b*) al no concederle honorarios de abogado, en vista de la temeridad del demandado.

La demandante compró una casa "con todo cuanto le era anexo y permanente". El demandado, quien es sobrino de la vendedora, ocupó la casa antes y después de la venta, y había construído en el patio un ranchón de madera techado de zinc. La corte inferior resolvió que a la fecha de la venta, el demandado, quien actuó en representación de la vendedora, no le indicó a la demandante que el ranchón no formaba parte de la propiedad que se vendía. Posteriormente, cuando el arrendamiento del demandado expiró y éste se mudó, se llevó consigo el ranchón y otros efectos pertenecientes a la casa. La demandante instituyó pleito por $450, alegando que el ranchón valía $413.

La corte inferior decidió que la apelante había comprado la casa bajo la impresión que el ranchón estaba incluído en la venta; que se le indujo a tal creencia por las representaciones tácitas del apelado; y que el apelado por tanto estaba impedido de alegar ahora que el ranchón no formaba parte de la propiedad vendida. Pero la corte de distrito resolvió que el ranchón valía $40 solamente. Alega la apelante que

la decisión de la corte en cuanto al valor estaba en pugna con la preponderancia de la prueba.

Hubo prueba contradictoria en cuanto a la cuestión del valor. La apelante ofreció cuatro testigos, entre los cuales había un ingeniero que declaró que el ranchón valía $395. Pero su cálculo fué hecho a base de una estructura construída de madera nueva y zinc nuevo para el techo. El apelado, alegando que el ranchón sólo valía $25, ofreció su propio testimonio y el de su tía, la vendedora. La corte de distrito, después de una inspección ocular "y del resto de la prueba practicada, concluy[ó] que el ranchón construído por Segarra lo fué con maderas viejas, que la construcción era completamente primitiva, y que el valor del ranchón no puede haber sido más de $40." No nos imaginamos cómo podemos encontrar error manifiesto o parcialidad en la apreciación de la prueba en este caso, particularmente en vista del hecho de que la conclusión de la corte inferior se basó en parte en una inspección ocular.

■ Al negarse a conceder honorarios de abogado, la corte de distrito dijo: "No encuentra la corte que hubiese temeridad. Al llevarse el demandado el ranchón que construyó, lo hizo en la creencia *de buena fe* de que el ranchón continuaba siendo suyo. Tampoco fué temerario el demandado al defenderse de una reclamación tan exagerada". (Bastardillas nuestras).

Pero el demandado no se defendió sencillamente de una reclamación exagerada. Negó toda clase de responsabilidad. En verdad, declaró que le había dicho a la demandante antes de la venta que el ranchón le pertenecía. Recientemente hemos resuelto en circunstancias similares que tal acción es temeraria a menos que el demandado admita su responsabilidad y limite la controversia a la cuestión del valor. *Mercado* v. *American Railroad Co.,* ante, pág. 228, resuelto el 15 de enero de 1943.

Y no encontramos base para la conclusión de la corte inferior de que el demandado actuó "de buena fe" al llevarse

el ranchón. La propia corte había resuelto lo contrario, al negarse a dar crédito al demandado y al resolver en la cuestión principal del caso, que el demandado estaba impedido en vista de sus representaciones en el caso.

*Modificamos la sentencia para que se concedan honorarios de abogado por la suma de $35. Y así modificada, la sentencia de la corte de distrito será confirmada.*