JUAN BAUTISTA SERRANO, demandante y apelado, *v.* CARMEN ROCA DE VICENTE VDA. DE S. COY y RITA GUERRA, demandadas y apelantes.

No. 5408.—*Sometido:* Junio 22, 1931. *Resuelto:* Junio 16, 1932.

*E. Rincón, Emilio S. Belaval* y *L. Muñoz Morales,* abogados de las apelantes: *Pellón & Ayuso,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un pleito incoado por Juan Bautista Serrano, quien alega ser el legatario en nuda propiedad de los bienes relictos de doña Magdalena Coy Tizol, fallecida el 18 de abril de 1925. Esta señora carecía de ascendientes o descendientes y en su consecuencia tenía la libre disposición de sus bienes.

En el curso del juicio resultó que dos de las hermanas de doña Magdalena son las usufructuarias y están en posesión de los bienes reclamados por Juan Bautista Serrano, mas ellas no están envueltas en este litigio. La controversia en este caso gira exclusivamente sobre la interpretación que debe dársele a la novena cláusula del testamento de doña Magdalena. Bajo la cláusula 7 la testadora dejó todos sus bienes muebles a sus tres hermanas, Concepción, Inés y Salvadora, y a su hijo de crianza Juan Bautista Serrano. Por la cláusula 8 ella dejó a Juan Bautista Serrano una casa ubicada en la calle Allen. Por la cláusula 10 impuso a sus herederos usufructuarios la obligación de pagar todas las obligaciones corrientes a vencer sobre la propiedad legada. La cláusula 9 del testamento lee así:

"En el remanente de todos sus bienes, derechos y acciones institutuye y nombra por sus herederos usufructuarios por partes iguales y con el derecho de acrecer entre sí a sus legítimos hermanos doña Concepción, Inés, Salvadora y Luis Coy Tizol, queriendo que ocurrido que sea el fallecimiento del último de ellos pase todo el remanente de sus bienes, derechos y acciones, en absoluto y pleno dominio, a su mencionado hijo de crianza Juan Bautista Serrano y a su sobrino don Salvador Coy Guerra, quienes a ese fin quedan desde luego por la presente instituídos por sus herederos, también por partes iguales, sin condición alguna, y con derecho de acrecer entre sí, si fallecieren sin descendientes legítimos."

De los autos se desprende que doña Concepción y don Luis Coy Tizol fallecieron y que los dos usufructuarios restantes son Inés y Salvadora.

Salvador Coy Guerra, sobrino de la testadora, falleció sin dejar descendientes, mas dejó a su madre y a su esposa, las demandadas en este caso. Estas dos personas son los herederos de Salvador Coy Guerra. Ellas obtuvieron una declaratoria de herederos, hicieron una partición y ciertas inscripciones en el registro de la propiedad, de bienes que en definitiva pertenecían a Salvador Coy Guerra, así como de los bienes envueltos en este litigio, o más bien de la porción que ellas sostenían pertenecía a su causante.

El demandante sostiene que de conformidad con el testamento él es el único legatario del remanente, toda vez que Salvador Coy Guerra falleció sin dejar descendientes. La corte falló a su favor.

La corte inferior citó varias decisiones del Tribunal Supremo de España al efecto de que la ley que debía seguirse en casos como el presente es la voluntad del testador. Esta es la regla universal. Las apelantes no atacan este principio general, pero sostienen que la intención de la testadora fué claramente que se hiciera una división por partes iguales del remanente de los bienes entre Juan Bautista Serrano y Salvador Coy Guerra. Igualmente sostienen que las palabras "con derecho de acrecer" deben ser tomadas en su signifi-

cado legal corriente, conforme son usadas en el Código Civil de Puerto Rico. A este respecto el Código Civil provee:

"Art. 948.—En las sucesiones legítimas la parte del que repudia la herencia acrecerá siempre a los coherederos.

"Art. 949.—Para que en la sucesión testamentaria tenga lugar el derecho de acrecer se requiere:

"1.—Que dos o más sean llamados a una misma herencia, o a una misma porción de ella, sin especial designación de partes.

"2.—Que uno de los llamados muera antes que el testador, o que renuncie la herencia, o sea incapaz de recibirla."

Las apelantes sostienen que de conformidad con lo anterior el derecho de acrecer puede ser invocado por un supérstite solamente cuando una de las personas de quien se alega el derecho a acrecer rehusa el legado, es incapaz de aceptarlo o fallece antes que el testador. En este caso, según hemos visto, Salvador Coy Guerra, a cuyo nombre reclaman las apelantes, falleció con posterioridad a la testadora.

Tenemos presente, desde luego, el principio general de que cuando se usa una palabra técnica ésta debe ser entendida normalmente con el significado que generalmente se emplea. Existe cierta plausibilidad en el argumento de las apelantes de que las palabras "con derecho de acrecer" deben tener su significado ordinario, usual y corriente empleado en el Código Civil.

Sin embargo, un examen del testamento mismo nos convence de que la testadora usó conscientemente las palabras, no en su sentido técnico sino en forma distinta. La palabra "acrecer," fuera del Código Civil, significaría necesariamente un aumento o incremento, y ésa es la forma en que las palabras han sido usadas en el testamento. El derecho de acrecer que debía corresponder a cualquiera de los legatarios del remanente fué otorgado, por lo menos nominalmente, si el otro legatario fallecía sin dejar descendientes. Difícilmente podría decirse que la testadora tuvo en mente el fallecimiento de una de estas personas antes de que ella misma muriera. En otras palabras, es claro, creemos noso-

tros, que la testadora tuvo en mente el fallecimiento de una de las dos personas designadas en cualquier momento sin dejar descendientes. Se trataba de dos hombres que es evidente eran considerablemente más jóvenes que la testadora y debe suponerse que ella debió haber pensado que éstos murieran dejando, o sin dejar, descendientes mucho tiempo después de haber muerto ella. Si Salvador Coy Guerra hubiese muerto dejando un descendiente, diez años después del deceso de la testadora, Juan Bautista Serrano no podría alegar el derecho de acrecer. Su parte de los bienes hubiera correspondido definitivamente a Salvador Coy Guerra o a sus descendientes, en caso de que él tuviese un hijo al tiempo de su muerte. Además, la palabra ''acrecer'' se usa en dos ocasiones en la cláusula nueve. Los usufructuarios tienen también el derecho de acrecer entre sí, según expresó específicamente la testadora. Desde luego, esto sería cierto aun si la testadora no lo hubiese consignado; pero el primer uso de la palabra ''acrecer'' tiene algún peso. Fácilmente puede colegirse que la intención de la testadora fué que se conservaran sus bienes en poder de los objetos naturales de su afecto, es decir, de sus hermanos, su hijo de crianza y su sobrino.

No importa que el testamento diga que se dejan los bienes a Juan Bautista Serrano y a Salvador Coy Guerra ''en absoluto y pleno dominio'' y ''sin condición,'' toda vez que estas palabras eran aplicables a la comunidad así creada. Estas palabras ilimitadas pueden ser tomadas para aplicarlas a la institución de herederos establecida y para excluir las reclamaciones de cualquiera, tan pronto como los bienes les pertenecieran. Somos de opinión, juzgando por la fraseología misma del testamento, que la intención de la testadora fué claramente que Juan Bautista Serrano obtuviera toda la propiedad en caso de que Salvador Coy Guerra falleciera sin dejar descendientes, y viceversa. Bajo estas circunstancias nos sentimos obligados a resolver que el artículo

949 del Código Civil comprende solamente casos en que un testamento guarda silencio sobre la materia, pero que no es aplicable cuando la intención del testador al hacer uso de las palabras es claramente distinto a la fraseología literal del Código Civil.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.

### EN MOCION DE RECONSIDERACION

#### Julio 15, 1932.

Hemos examinado la moción de reconsideración en sus méritos y no vemos razón alguna para alterar nuestra opinión original.

Sin embargo, las apelantes llaman nuestra atención hacia el hecho de que dejamos de discutir el señalamiento de error relativo a costas. Si bien es cierto que en nuestra opinión dijimos que las apelantes presentaron algún razonamiento plausible en favor de su posición, no obstante, no teníamos ni tenemos dudas de que una lectura ordinaria de la cláusula del testamento en cuestión habría llevado al convencimiento de que la intención de la testadora fué clara en el sentido de que cada uno de los dos beneficiarios últimamente mencionados debía tener derecho a heredar los bienes del otro si uno de ellos fallecía sin dejar descendientes. En el caso de *Smith* v. *Bell,* 6 Pet. 68, el Juez Presidente Sr. Marshal dijo: "La primera regla de importancia en la exposición de testa mentos a la cual deben ceder todas las demás reglas es que debe prevalecer la intención expresada por el testador en su testamento, siempre que sea consistente con las reglas de derecho." *Dicat testator et erit lex.*

Nos damos cuenta de que las apelantes insisten en que las expresiones de la cláusula en cuestión deben ser interpretadas de conformidad con las reglas establecidas en el Código Civil para el derecho de acrecer, mas conforme hemos resuelto en este caso, la regla de que la voluntad del testador

debe prevalecer es tan fuerte, que creemos que la corte de distrito estaba justificada al hacer uso de su discreción al imponer las costas.

No resolvimos en el caso de *Nevares* v. *Nevares Hnos.*, 37 D.P.R. 857, que la existencia de una cuestión debatible pueda siempre exonerar a una parte del pago de las costas. Con mucha frecuencia un abogado hábil puede suscitar dudas fuertes y sería difícil imponer las costas.

*Debe declararse sin lugar la moción de reconsideración.*