MANUEL ESPINA RIVERA, demandante y apelado, *v.* NARCISO COBIÁN RIVERA, demandado y apelante.

Núm. 7506.—*Sometido:* Abril 19, 1937. *Resuelto:* Abril 26, 1937.

*F. de la Torre,* abogado del apelante; *R. Ramírez Santibáñez* y *C. Andréu Ribas,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demanda interpuesta en este caso tenía por objeto el cobro de un crédito hipotecario por el procedimiento ordinario. El demandado excepcionó la demanda, alegando la insuficiencia de los hechos alegados. La corte inferior declaró con lugar la excepción y concedió al demandante un término de diez días para enmendar su demanda. Algunos días después el demandante presentó una moción para que se le permitiese desistir de la acción entablada, sin perjuicio de su derecho a iniciar una nueva acción en cobro de dinero. En 23 de febrero de 1937 la Corte de Distrito de Bayamón dictó sentencia declarando con lugar la moción de desistimiento e imponiendo las costas al demandante. En 5 de marzo de 1937 el demandado radicó un memorándum de costas, ascendente a $6 con la siguiente súplica:

"El demandado suplica a la Hon. Corte se sirva ordenar que por la parte demandante sean satisfechas dichas costas."

El 11 de marzo de 1937, el demandante depositó en la Secretaría de la corte inferior el montante de las costas solicitadas por el demandado, y éste cobró dichas costas el 27 del mismo mes.

En la misma fecha en que radicó su memorándum de costas, el demandado apeló para ante este tribunal de la sentencia de desestimación, alegando que la corte inferior erró al no condenar al demandante al pago de honorarios de abogado.

El demandante apelado solicita la desestimación del recurso por considerar que es frívolo y que ha sido interpuesto con el único propósito de obstaculizar y dilatar al demandante apelado en el ejercicio de su acción en cobro de dinero.

██ El artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 69 de 11 de mayo de 1936, leyes de ese año, página 355, en lo pertinente dispone:

"En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte."

No habiendo la corte inferior impuesto al demandante el pago de honorarios de abogado, debemos presumir que la corte se abstuvo de hacerlo porque entendió que el demandante no había procedido con temeridad.

Hemos examinado cuidadosamente los autos del caso y a nuestro juicio no surge de ellos la alegada temeridad del demandante apelado. El hecho de que él desistiera de la demanda entablada para el cobro de un crédito hipotecario, con el expresado propósito de iniciar una acción ordinaria en cobro de una suma de dinero, no es por sí solo suficiente para que pueda considerarse al demandante como un litigante temerario y justificar una imposición de pago de honorarios de abogado.

*Consideramos que el recurso es evidentemente frívolo y como tal debe ser desestimado, debiendo imponerse al apelante el pago de las costas del recurso, las que incluirán la suma de $10 como honorarios del abogado del apelado.*