Rafael P. Muñiz, demandante y apelante, *v.* Dolores B. Vda. de Suárez y Asunción M. Vda. de Vidal, demandadas y apeladas.

Núm. 7371.—*Sometido:* Diciembre 14, 1937. *Resuelto:* Enero 28, 1938.

*Dubón & Ochoteco,* abogados del apelante; *Besosa & Besosa,* abogados de la Sra. Dolores B. Vda. de Suárez, apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un pleito sobre tercería de mejor derecho a ciertas rentas producidas por la casa núm. 19 de la Caleta de San Juan de esta ciudad, fallado en contra del tercerista quien apeló y señala en su alegato la comisión de un solo error cometido a su juicio por la corte al resolver que no tenía derecho preferente sobre dichas rentas.

Sobre los hechos no hay controversia. De los autos resulta que dueña doña Asunción M. Viuda de Vidal de un derecho de usufructo sobre la casa núm. 19 de la Caleta de San Juan, lo hipotecó a favor del demandante tercerista Rafael P. Muñiz para garantizar cierta cantidad que le debía, otorgándose la escritura constitutiva del gravamen en julio 10, 1934, inscribiéndose en el registro de la propiedad en septiembre 12 siguiente. Cinco días después, o sea, en septiembre 17, 1934, la demandada doña Dolores B. Viuda de Suárez, en pleito que siguiera en cobro de $4,777, intereses y costas, contra doña Asunción M. Viuda de Vidal, esto es, contra la dueña del usufructo hipotecado, solicitó y obtuvo una orden de embargo de las rentas que produjera la indicada casa.

En mayo 1, 1935, cuando el tercerista radicó demanda en cobro de su crédito hipotecario y cuando la demandada Viuda de Suárez había obtenido ya sentencia a su favor en el pleito contra la Viuda de Vidal, el márshal tenía en su poder a virtud del embargo indicado, como producto de rentas de la casa de que se trata vencidas y cobradas después de constituída la hipoteca, la suma de $290.45.

Hasta ahí las partes están conformes. En lo que difieren es en el mejor derecho que cada una alega tener a la dicha suma de $290.45 en *custodia legis* al iniciarse este pleito y ac-

tualmente en poder del tercerista a virtud de la fianza que prestara al efecto.

Funda su pretensión el tercerista en que el embargo se trabó después de constituída e inscrita su hipoteca y en los artículos 110 y 111 de la Ley Hipotecaria que en lo pertinente disponen (itálicas nuestras):

"Artículo 110.—La hipoteca se extiende a las accesiones naturales, a las mejoras, a los frutos pendientes y *rentas no percibidas al vencer la obligación*, . . .

"Artículo 111.—Conforme a lo dispuesto en el artículo anterior, se entenderán hipotecados juntamente con la finca, aunque no se mencionen en el contrato, siempre que correspondan al propietario:

"1. .        .        .        .        .        .        .        .

"2. .        .        .        .        .        .        .        .

"3. .        .        .        .        .        .        .        .

"4. *Las rentas vencidas y no pagadas,* cualquiera que sea la causa de no haberse hecho efectivas, y las que se hayan de pagar hasta que el acreedor sea satisfecho de todo su crédito.

"5.    .        .        .        .        .        .        .        . "

Estamos enteramente conformes con la corte sentenciadora, cuando dice en su opinión:

"El precepto legal es tan terminante, que a nuestro juicio, su mera exposición es suficiente para ver claro el derecho de la demandada en tercería a aplicar a su sentencia las rentas embargadas por ella. La preferencia que concede la Ley Hipotecaria se extiende solamente sobre las rentas *vencidas y no pagadas* al vencer el crédito hipotecario. Asumiendo que la obligación hipotecaria hubiere vencido el primero de mayo de 1935, fecha en que se radicó la demanda en cobro de la misma, ya que ese dato no aparece de la demanda, aún así tendríamos que en esa fecha las rentas objeto de la tercería, eran rentas *vencidas y pagadas* por los inquilinos, no a la arrendataria, porque se lo impidió la Corte, sino a la Corte misma mediante su funcionario ejecutivo, el márshal.

"No debemos perder de vista que el acreedor hipotecario, por el solo hecho de constituirse la hipoteca sobre el usufructo, no se constituyó en dueño de las rentas. Sólo adquirió una garantía, para

el caso de no pagarse la deuda, y mientras no se ejecutase la hipoteca y se le adjudicase el usufructo en pago de su crédito, no adquiriría el dominio del usufructo ni mucho menos el de las rentas. Cuando se estableció la tercería no se había adjudicado el usufructo al tercerista, luego su preferencia estaba limitada a las rentas *vencidas y no pagadas* y las que se hubieren de pagar en lo sucesivo.''

Nada tenemos que agregar. Los argumentos que contiene el alegato del apelante en contra del criterio sustentado por la corte sentenciadora no nos convencen de que dicho criterio sea erróneo; al contrario, nos parece más sólido el juicio de la corte después de la impugnación.

■ El siete de diciembre, 1937, la parte apelante radicó un alegato complementario señalando como un segundo error el cometido a su juicio por la corte al imponerle las costas.

La parte apelada el 14 de diciembre, día señalado para la vista del recurso, presentó una oposición por escrito a que dicho alegato fuera considerado ya que se presentó a destiempo y sin permiso de la corte, tanto más cuanto que a virtud de una estipulación de los abogados de ambas partes archivada el día 6 de diciembre el caso se había sometido por los alegatos dejando de comparecer dichos abogados a la vista de acuerdo con la estipulación.

Tiene razón la parte apelada. Debió haberse solicitado su consentimiento y el permiso de la corte para la presentación del alegato complementario. Eso no obstante lo hemos leído por si contenía alguna manifestación substancial en cuyo caso hubiéramos oído de nuevo a la otra parte, y no la contiene en verdad.

■ El hecho de que no exista jurisprudencia sobre la cuestión envuelta siendo por tanto una nueva presentada para su decisión a los tribunales de justicia, no implica necesariamente falta de temeridad.

No existe jurisprudencia, al parecer. Ni la citaron las partes ni la cita en su opinión el tribunal sentenciador. Pero existe la ley que la corte sentenciadora y con ella nosotros

hemos considerado tan clara que basta aplicarla a los hechos del caso para decidirlo sin dificultad.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.