JUAN ÁNGEL SOTO NAZARIO, demandante y apelado, *v.* FÉLIX LUGO, SOCIEDAD LUGO & CO. y ROYAL INDEMNITY CO., demandados y apelantes.

Número 11219.

*Sometido:* 3 de mayo de 1954. *Resuelto:* 11 de mayo de 1954.

*Luis Blanco Lugo* y *José A. Suro,* abogados de los apelantes; *F. Fernández Cuyar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Juan Ángel Soto Nazario radicó en la Sala de San Juan del Tribunal Superior una demanda de daños y perjuicios contra Félix Lugo, Gregorio Lugo, la sociedad Lugo y Lugo, y la Royal Indemnity Co., aseguradora de los otros codemandados. Se alega en la demanda que el demandante sufrió lesiones graves, incluyendo la fractura de su brazo derecho, al viajar en un vehículo perteneciente a los codemandados Lugo y conducido por Gregorio Lugo, y al chocar el vehículo con un árbol debido a la negligencia de Gregorio Lugo. El demandante solicitó $25,000 en concepto de daños y perjuicios. Todos los demandados radicaron una contestación conjunta, el 13 de febrero de 1953, negando que hubiese mediado negligencia y que se hubiesen ocasionado los daños y perjuicios alegados. La codemandada Royal Indemnity Co. alegó que su responsabilidad se limitaba a la suma de $5,000.

La vista del caso en sus méritos se celebró el primero de julio de 1953. El 24 de junio de 1953, o sea, siete días antes de la celebración del juicio, los demandados radicaron y noti-

ficaron una contestación enmendada en que admitieron que el accidente ocurrió por la negligencia del conductor del vehículo propiedad de la sociedad Lugo y Lugo, quedando limitada la controversia a la cuantía de los daños. Finalmente, la Sala de San Juan del Tribunal Superior formuló conclusiones de hecho y de derecho y dictó sentencia condenando a los demandados a pagar al demandante la suma de $5,786 en concepto de daños y perjuicios, quedando limitada la responsabilidad de la Royal Indemnity Co. a la suma de $5,000, de acuerdo con los términos de la póliza de seguro. Se condenó además a los demandados a pagar la suma de $500 en concepto de honorarios de abogado. Los demandados han apelado para ante este Tribunal limitándose su apelación exclusivamente a la actuación del tribunal a quo al condenarlos a pagar $500 al demandante en concepto de honorarios de abogado, impugnándose además la cuantía concedida en tal concepto.

El tribunal a quo llegó a la conclusión de que los demandados habían actuado con temeridad, expresándose en la siguiente forma, en cuanto a tal extremo:

"La temeridad de los demandados en el presente caso es indiscutible, habiendo resistido la reclamación del demandante desde un principio y continuamente, hasta sólo siete días antes de la celebración del juicio, en que admitieron la negligencia."

Indicó además el tribunal a quo que "la temeridad de los demandados justifica se les condene a pagar honorarios de abogado, los cuales fijamos en la suma de Quinientos Dólares ($500)."

El artículo 327 de nuestro Código de Enjuiciamiento Civil, tal como fué enmendado por la Ley núm. 411 de 11 de mayo de 1951 (Leyes de ese año, pág. 1095), dispone, en parte, lo siguiente:

"_._ . . . . . .

"En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sen-

tencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y trabajo necesariamente prestado por el abogado de la otra parte; . . ."

Tal disposición es idéntica a lo consignado en la Ley núm. 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239), la cual ya ha sido objeto de interpretación por este Tribunal. Las enmiendas contenidas en la Ley núm. 411 de 11 de mayo de 1951 se refieren a otros extremos.

La concesión de honorarios de abogados es imperativa cuando, a juicio del tribunal sentenciador ha habido temeridad de la parte perdidosa en el pleito. *Font* v. *Pastrana*, 73 D.P.R. 247; *Giráu* v. *González*, 73 D.P.R. 410, 417; *Castro* v. *Payco, Inc.*, 75 D.P.R. 63, 75; *Zalduondo* v. *Méndez*, 74 D.P.R. 637, 648. Cuando de los autos surge que la parte perdidosa no ha sido realmente temeraria y que el tribunal de primera instancia incurrió en error al caracterizar la conducta de la parte perdidosa como temeraria, procedería entonces que este Tribunal dejase sin efecto el dictamen del tribunal a quo en cuanto a la condena del pago de honorarios de abogado. *Cf. Colón* v. *Asociación Cooperativa Lafayette*, 67 D.P.R. 271.

La solución del problema relativo a la alegada temeridad de los demandados en el caso de autos exige la consideración de dos elementos de juicio, a saber, la cuestión relativa a la cuantía de daños y perjuicios reclamada por el demandante y finalmente concedida por el tribunal sentenciador, y la cuestión relativa a la negligencia del conductor del vehículo que ocasionó los daños al demandante. No fueron temerarios los demandados al resistir la reclamación del demandante en cuanto a la suma solicitada en concepto de daños y perjuicios, ya que el demandante reclamó la suma de $25,000, en forma claramente exagerada, y el tribunal a quo solamente concedió la suma de $5,876. Pero, como ya ha resuelto este Tribunal, en los casos de *Mercado* v. *American Railroad Co.*, 61 D.P.R. 228 y *Rosado* v. *Segarra*, 61 D.P.R.

303, 305, el hecho aislado de que se reduzca sustancialmente la compensación solicitada (de $25,000 a $5,000 en el caso de Mercado, al igual, sustancialmente, que en el de autos), no implica de por sí la inexistencia de temeridad. Aun en ese caso, la parte demandada perdidosa puede haber sido temeraria si ha rechazado irrazonablemente la alegación de negligencia, sin que las circunstancias del caso justifiquen al demandado a creer que las pretensiones del demandante carecen de fundamento, esto es, cuando el demandado no tenga bases razonables para insistir en que no ha sido negligente. (*Mercado* v. *American Railroad Co.*, supra, a la pág. 237.) Tal como se indicó en el caso de Mercado, "Si la demandada en efeccto cree que la cantidad reclamada es exagerada, y es ésa la única razón que tiene para oponerse a las pretensiones del demandante, es su deber admitir francamente su responsabilidad y limitar la controversia a la fijación de la cuantía a ser concedida."

En el caso de autos los demandados admitieron su negligencia siete días antes de la celebración de la vista del caso en sus méritos, a través de una contestación enmendada, pero no lo hicieron en su contestación original. Esta es precisamente la modalidad especial de este caso. Uno de los propósitos de autorizar la imposición de honorarios de abogado en casos de temeridad es el de establecer una penalidad a un litigante perdidoso que en virtud de su terquedad y de su insistencia en una actitud desprovista de fundamento, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencia de un litigio. *O'Neal* v. *Spivey*, 145 S.E. 71. Al radicar su contestación original los demandados habían tenido una oportunidad adecuada de investigar los méritos del caso y llegar a conclusiones sobre la cuestión de negligencia. Estaban en condiciones adecuadas para admitir la negligencia al radicar su contestación original. Al no admitirla por lo menos al presentar su contestación original, ellos no tenían justificación objetiva al-

guna para tal omisión, prolongaron la duración del litigio y causaron gastos y molestias innecesarias al demandante. Fué correcto el criterio del tribunal sentenciador al resolver que los demandados habían sido temerarios, y al condenarlos a pagar honorarios de abogado.   [6] El hecho de que la admisión de negligencia se produjo siete días antes del juicio, pudo haber sido un factor relevante en cuanto a la cuantía de los honorarios, desde el punto de vista del grado de culpa de los demandados.   Pero considerando la totalidad de las circunstancias envueltas en este caso, fué razonable la suma fijada de $500 para honorarios de abogado.

*Debe confirmarse la sentencia apelada.*