RAOCA PLUMBING & SPRINKLER CORPORATION, demandante y recurrida, *v.* TRANS WORLD ASSURANCE CO., demandada y recurrente.

*Número:* R-83-22    *Resuelto:* 28 de junio de 1983

*María Isabel Córdova Iturregui,* abogada de la recurrente; *Ramón Rivera Iturbe,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El Hon. Tribunal Superior de Puerto Rico, Sala de San Juan, dictó sentencia sumaria mediante la cual condenó a la demandada recurrente Trans World Assurance Company (en adelante Trans World) a satisfacer a la demandante recurrida Raoca Plumbing and Sprinkler Corporation (en adelante Raoca Plumbing) la suma de $15,232.50 y la cantidad de $5,000 por concepto de honorarios de abogado.

Acudió ante este Tribunal la parte demandada mediante el correspondiente recurso de revisión en el cual cuestionó, exclusivamente, la imposición de honorarios de abogado. Señaló que habiendo sido emplazada el día 22 de septiembre de 1982, mediante carta certificada de fecha 30 de septiembre de 1982 le hizo a la demandante una oferta de sen-

tencia por la suma antes mencionada de $15,232.50 y que al contestar la demanda presentada, con fecha de 4 de octubre de 1982, aceptó el adeudar la referida suma de dinero.

Ante dichos señalamientos expedimos orden, dirigida la misma a la parte demandante recurrida, para que mostrara causa por la cual la sentencia dictada no debía ser modificada a los fines de eliminar la partida concedida por concepto de honorarios de abogado; dicha parte ha comparecido. Su comparecencia nos persuade a no modificar la sentencia en controversia. Veamos el porqué.

El contratista Vicente Resto, Inc. subcontrató trabajos de plomería con la demandante recurrida Raoca Plumbing en relación con la construcción de una escuela en el pueblo de Luquillo, Puerto Rico. Con motivo de una precaria situación económica, el contratista mencionado se acoge a los beneficios de la Ley de Quiebras federal. La demandada recurrente Trans World, como fiadora de Vicente Resto, Inc., se ve en la obligación de continuar y terminar dicha obra de construcción; la fiadora acuerda pagarle a Raoca Plumbing por todos los trabajos realizados y por realizarse. Terminados los mismos, Raoca Plumbing realiza innumerables gestiones extrajudiciales durante un año para el cobro de lo que le adeuda Trans World, [1] durante el transcurso del cual las partes, según alega ante nos la demandada recurrente, difieren sobre la suma de dinero realmente adeudada. Habiendo resultado infructuosas dichas gestiones, el día 12 de julio de 1982 Raoca Plumbing presenta la demanda en cobro de dinero que origina el presente recurso.

La Regla 44.1(d) de las Reglas de Procedimiento Civil de 1979 dispone que "En caso que *cualquier parte haya procedido con temeridad*, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado". (Énfasis suplido.)

---

[1] Ello así surge de una declaración jurada suscrita por el vicepresidente de dicha entidad.

La demandada recurrente sostiene la teoría de que para que un tribunal pueda encontrar "incursa en temeridad" a una parte demandada únicamente puede tomar en consideración los actos o la conducta observada por dicha parte *con posterioridad* al momento en que dicha parte ha sido emplazada; en otras palabras, después que ha advenido "judicialmente" en conocimiento de que pende una reclamación contra ella. Bajo dicha teoría no hay duda de que le asistiría la razón a la recurrente, pues, habiendo sido emplazada el día 22 de septiembre de 1982, Trans World le hace a Raoca Plumbing una "oferta de sentencia" por la suma reclamada mediante carta de fecha 30 de septiembre de 1982. En adición, al presentar su contestación a la demanda el día 4 de octubre de 1982, acepta adeudar la suma especificada en la demanda.

Ante el tribunal de instancia, sin embargo, se presentó evidencia acreditativa de que la parte demandante, durante el año inmediatamente anterior a la fecha de la presentación de la demanda, realizó múltiples e innumerables gestiones de cobro, todas las cuales resultaron infructuosas.[2]

Adicionalmente tuvo ante sí el tribunal de instancia —mediante una declaración jurada de uno de los alguaciles de dicho tribunal— evidencia de que el Presidente de la Trans World "se le escondió" a dicho funcionario con el propósito de no ser emplazado. Por último, tuvo ante sí evidencia de que las distintas gestiones realizadas por dicho alguacil para lograr embargar, en aseguramiento de sentencia, fondos pertenecientes a Trans World en una de las sucursales de uno de los bancos comerciales que operan en Puerto Rico resultaron infructuosas debido a que "el Banco permitió a Trans World Assurance Co. sobregirarse en su cuenta y que el sobregiro lo cubría diariamente dicha empresa mediante depósitos que hacía", y debido a que de

---

[2] Declaración jurada del Sr. Miguel Nogueras, Vicepresidente de Raoca Plumbing.

"acuerdo con mi intervención [la del referido alguacil] y conocimiento en dicho caso, puedo asegurar que la conducta descrita en el párrafo anterior, obedece a un plan de dicha empresa para evitar embargos en su cuenta con la colaboración de la entidad bancaria en la cual se depositan los fondos"; situación que culminó en la condena por desacato civil de un oficial del banco en controversia, habiéndose ordenado inclusive por el tribunal de instancia([3]) la encarcelación de dicho ejecutivo bancario hasta tanto se expidiera cheque por el banco por una determinada suma de dinero.

■ Esa actuación o conducta de la parte demandada durante el período de "prepresentación" de la demanda y durante el periodo de "preemplazamiento" es la que obviamente tomó en consideración el tribunal de instancia para la imposición de la suma de $5,000 por concepto de honorarios de abogado. ¿Es correcta dicha actuación judicial? Resolvemos que un tribunal puede, al resolver si una parte ha sido temeraria o no, tomar en consideración la conducta observada por las partes antes de presentarse la acción judicial y antes de ser emplazada la parte demandada.

La demandada recurrente sostiene ante nos que ella no pagó el dinero adeudado a Raoca Plumbing durante el año que precedió a la presentación de la demanda por el fundamento de que había diferencias de criterio respecto a la suma de dinero verdaderamente adeudada. Existe evidencia,([4]) sin embargo, que demuestra que desde el 26 de agosto de 1981 lo que la aquí demandante le reclama a la demandada es la suma de $5,410 más la cantidad de $9,822.50 por concepto del "retenido". Una simple operación matemática nos indica que la suma de ambas cantidades arroja un total de $15,232.50, que precisamente es la can-

---

([3]) Mediante resolución a esos efectos de fecha 21 de septiembre de 1982.

([4]) Certificación núm. 10; *Exhibit* III de la "Réplica a Oposición a Petición de Revisión" de la *propia* parte demandada recurrente.

tidad de dinero que reclamó la parte demandante al presentar su demanda en cobro de dinero. En otras palabras, la parte demandante todo el tiempo ha estado reclamándole a la recurrente el pago de la misma suma de dinero. Si hubo diferencias de criterio en cuanto a lo adeudado, obviamente no se debió a la parte demandante. Resulta sumamente curioso e interesante que cuando esta parte presenta su demanda y logra finalmente emplazar a la demandada, entonces ésta inmediatamente acepta que adeuda la suma de dinero en relación con la cual existía, según ella, "diferencias de criterio".

Los tribunales de justicia no debemos pasar por alto esta clase de conducta. Resolver que actuaciones de esta naturaleza no entrañan temeridad es fomentar litigios innecesariamente. Decidir lo contrario sería premiar a la parte que injustificadamente se niega a pagar extrajudicialmente lo que adeuda y castigar al acreedor que se ve obligado, por la conducta del deudor, a incurrir en gastos al acudir al foro judicial.

■ En adición a lo anteriormente expuesto, conducta como la observada por la parte demandada una vez se presenta la demanda, de evitar ser emplazada y de utilizar subterfugios para impedir que la parte demandante ejerciera el derecho que tiene todo litigante relativo a aseguramiento de sentencia, también es base que justifica la imposición de honorarios de abogado por razón de temeridad.

■ La determinación de si un litigante ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador. *Font* v. *Pastrana*, 73 D.P.R. 247 (1952). En vista de los hechos antes expuestos, no hay duda de que el tribunal de instancia no incurrió en abuso de discreción.

Consideramos, sin embargo, que la suma de $5,000 impuesta por concepto de honorarios de abogado es excesiva; se reduce la misma a la cantidad de $2,500. En consecuencia, *se expide el auto, se modifica en la forma antes indicada la sentencia que dictara el Hon. Tribunal Superior*

*de Puerto Rico, Sala de San Juan, en el caso Civil Núm. 82-3905, y así modificada se confirma.*

El Juez Asociado Señor Negrón García emitió opinión concurrente y el Juez Asociado Señor Irizarry Yunqué emitió voto disidente al cual se une el Juez Presidente Señor Trías Monge.

—O—

Opinión concurrente del Juez Asociado Señor Negrón García.

El presente recurso, sencillo de su faz, en el fondo plantea una interrogante importante sobre sana política judicial: ¿deben los tribunales ignorar los eventos que anteceden extrajudicialmente a la aceptación implícita (rebeldía) o expresa (contestación) de responsabilidad alegada en una demanda en cobro de una deuda vencida y exigible para fines de imponer honorarios de abogado por temeridad?

I

Los hechos de este caso constituyen un buen ejemplo de que no pueden desatenderse tales antecedentes.

Trans World Assurance Co., fiadora de un contratista, debía a Raoca Plumbing & Sprinkler Corp. la suma de $15,232.50. Desde junio de 1981 Raoca infructuosamente gestionó el cobro y el 12 de julio de 1982 demandó a Trans World. Esta última, el 30 de septiembre, por conducto de su representante legal, le hizo por carta una oferta de sentencia por esa cantidad. En 4 de octubre contestó aceptando las alegaciones, pero negando que rehusara previamente pagar. En solicitud de sentencia sumaria Raoca demostró las gestiones estériles que efectuó durante un año con anterioridad al pleito para cobrar su crédito, y además estableció fehacientemente cómo los oficiales de Trans World evadieron ser emplazados y realizaron un subterfugio para evitar que su cuenta bancaria fuera embargada por el alguacil en aseguramiento de la efectividad de la sentencia

que en su día pudiera recaer. Oportunamente el tribunal dictó sentencia sumaria por dicha cantidad, más $5,000 en concepto de honorarios de abogado. Trans World impugna como improcedente esta partida.

## II

Según Couture, la definición de *temeridad* implica una "[a]ctitud de quien afirma hechos o se conduce sin fundamento o motivo, con conciencia de la propia sinrazón". Su raíz etimológica proviene del latín *"temeritas, -tis,* sustantivo derivado del adverbio *temere* 'a ciegas', más tarde 'al azar, sin reflexión, a la ligera'. El adverbio es, a su vez, un derivado de un *temus, -eris* 'oscuridad'". E. Couture, *Vocabulario Jurídico,* Buenos Aires, Ediciones Depalma, 1976, págs. 556–557. Nuestra Regla 44.1(d) consagra el principio general que en "caso que cualquier parte haya procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado". La doctrina jurisprudencial recoge innumerables instancias de su aplicabilidad.(¹) Véase, H. Sánchez Martí-

---

(¹) "La determinación de temeridad descansa en la sana discreción del tribunal, pero una vez el tribunal concluye que la parte perdidosa fue temeraria es imperativa la imposición de honorarios de abogado. *Montañez Cruz* v. *Metropolitan [Cons.] Corp.,* 87 D.P.R. 38 (1962).

"El Tribunal Supremo, por ejemplo, ha determinado que existe temeridad en las siguientes circunstancias: si hay mala fe en la prosecución del pleito, *Matos* v. *Salvat,* 56 D.P.R. 825 (1940); si el demandado contesta una demanda de daños y perjuicios y niega su negligencia, *Vda. de Passalacqua* v. *Cancel,* 90 D.P.R. 501 (1964); y si se defiende injustificadamente de la acción, *Montañez Cruz* v. *Metropolitan [Cons.] Corp.,* 87 D.P.R. 38 (1962), *Roses* v. *Juliá,* 67 D.P.R. 518 (1947). El demandado es temerario aunque se defienda de una reclamación exagerada, si no admite su responsabilidad y no limita la controversia a la cuestión del importe de los daños. *Rosado* v. *Segarra,* 61 D.P.R. 303 (1943); *Mercado* v. *American Railroad Co.,* 61 D.P.R. 228 (1943); *Acha* v. *Nevares,* 59 D.P.R. 235 (1941). También se ha determinado que existe temeridad en un caso en que el demandado presentó una moción eliminatoria frívola, presentó una contestación extensa a la demanda y luego dejó de presentar prueba. *Canals* v. *Great American Indemnity Co.,* 56 D.P.R. 457 (1940).

"Un litigante no deja de ser temerario porque en acción de daños y perjuicios días antes del juicio admita su negligencia en el caso y limite entonces la contro-

nez, *Rebelde sin Costas*, Bol. Judicial, Año 4, Núm. 2, pág. 14 *et seq.* (abril–junio 1982). A tal efecto, la norma general prevaleciente es que sólo proceden tales honorarios cuando

versia a la fijación de la cuantía a ser concedida por vía de indemnización, *Soto* v. *Lugo*, 76 D.P.R. 444 (1954); o porque no asista al juicio después de haber comparecido en autos, *Vda. de Passalacqua* v. *Cancel*, 90 D.P.R. 501 (1964), *Stella* v. *Bonilla*, 65 D.P.R. 542 (1946). Es temerario si aunque no existan precedentes, la ley que rige la cuestión es tan clara que basta aplicarla a los hechos del caso para decidirlo sin dificultad, *Muñiz* v. *Vda. de Suárez*, 52 D.P.R. 563 (1938); o por el mero hecho de que una cuestión sea debatible, *Serrano* v. *Roca Vda. de Coy*, 43 D.P.R. 670 (1932). Tampoco deja de ser temerario el demandado perdidoso que hubiese tenido que traer como demandado a un tercero que resulta luego ser cocausante solidario del daño. *Montañez Cruz* v. *Metropolitan [Cons.] Corp.*, 87 D.P.R. 38 (1962). Un asegurador demandado tampoco deja de ser temerario por el hecho de que en la conferencia con antelación al juicio admita su responsabilidad y consigne el importe de la póliza. *Valedón* v. *Fernández*, 79 D.P.R. 495 (1956).

"Por otro lado, el Tribunal Supremo ha resuelto que no existe temeridad en las siguientes circunstancias: cuando una persona actúa a base de una apreciación errónea de una cuestión de derecho y no hay precedentes que arrojen luz sobre la cuestión, *Cabanillas* v. *Gelpí*, 65 D.P.R. 945 (1946); o existe una honesta discrepancia en cuanto a cuál es el derecho aplicable a los hechos del caso, *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (1961). Tampoco hay temeridad cuando un litigante descansa en una cuestión de derecho no resuelta antes en nuestra jurisdicción, *United Hotels of P.R.* v. *Willig*, 89 D.P.R. 188 (1963); o sea, que trata de una cuestión novel, *M. Quilichini [Sucrs., Inc.]* v. *Villa Inv. Corp.*, [112 D.P.R. 322 (1982)], *Morales Garay* v. *Roldán Coss*, 110 D.P.R. [701] (1981), *Caloca* v. *C.I.A.A.*, 108 D.P.R. 164 (1978).

"Tampoco existe temeridad en acciones de daños y perjuicios si el demandado perdidoso controvierte únicamente la reclamación en cuanto a la suma solicitada en concepto de daños, *Soto* v. *Lugo*, 76 D.P.R. 444 (1954); o se litiga solamente el monto de una partida a todas luces exagerada, *Reguero* v. *Jiménez*, 44 D.P.R. 780 (1933). En el caso de las compañías aseguradoras, si éstas investigan los hechos del caso, determinan que el mismo es compensable y lo informan así en su primera alegación al tribunal, no incurren en temeridad. *Valedón* v. *Fernández*, 79 D.P.R. 495 (1956).

"El Tribunal tampoco ha hallado temeridad respecto a un demandado en una acción de daños y perjuicios que admitió su responsabilidad, en todo momento estuvo dispuesto a reparar el automóvil involucrado en el accidente o a satisfacer el costo de la reparación y la prueba respecto a si el automóvil era reparable o era pérdida total fue conflictiva. *Figueroa Pizarro* v. *Western Assurance Co.*, 87 D.P.R. 152 (1963). Otro caso en que tampoco se estableció temeridad alguna es aquel en que el demandante desistió voluntariamente de una demanda en cobro de un crédito hipotecario con el propósito de iniciar una acción ordinaria en cobro de dinero. *Espina* v. *Cobián*, 51 D.P.R. 377 (1937).

"Cuando la acción es derrotada por la defensa de prescripción (que como se sabe, es una defensa afirmativa renunciable por el demandado, la cual no niega la ocurrencia del evento, sino que interpone el trascurso del tiempo como elemento

las partes lo han convenido o, en ausencia de pacto, cuando la parte perdidosa haya incurrido en temeridad al instar o defenderse de una reclamación judicial.

El requisito de temeridad presupone, como norma subyacente, que los tribunales estén accesibles a las personas para dilucidar de manera civilizada sus quejas y agravios. Aquellos que utilizan las vías judiciales para vindicar un derecho no serán penalizados por el simple hecho de no prevalecer en la acción. Por esa razón la regla general adoptada en nuestro ordenamiento procesal desde 1936 —año en que se enmendó en ese sentido el Art. 327 del Código de Enjuiciamiento Civil— es que la parte victoriosa en una acción tiene derecho a recobrar *siempre* las costas.[2] Los honorarios de su abogado proceden únicamente cuando el tribunal sentenciador determina que la parte perdidosa actuó con temeridad.

El interés cognoscible gubernamental de mantener las salas de justicia abiertas al público ha sido el elemento vital que hemos recogido en las reglas y en nuestra casuística, cimentando esas interpretaciones en el factor "temeridad" como elemento distintivo e indispensable de la condena de honorarios de abogado, cuando éstos no se han pactado. Así, por vía de ejemplo, un demandado que no cuestiona las pretensiones de un demandante y, en consecuencia, le es anotada la rebeldía, no incurre de ordinario en temeridad. Tal comportamiento supone que ha aceptado tácitamente los hechos bien alegados de la demanda. Igual solución se impone a quien afirmativamente comparece y acepta ex-

---

confiscatorio del derecho de accionar) la determinación de temeridad depende de las circunstancias del caso. *Rodríguez v. Sánchez*, 48 D.P.R. 236 (1935). Para un caso en que el tribunal halló temeridad, véase *Sucn. Franceschi v. González*, 42 D.P.R. 939 (1931), confirmada 62 F.2d 748 (1932) (la acción estaba prescrita pero el demandante bloqueó todo esfuerzo del demandado para enmendar su contestación y plantear la defensa)." (Escolios omitidos.) H. Sánchez Martínez, *Rebelde sin Costas*, Bol. Judicial, Año 4, Núm. 2, págs. 14–15 (abril–junio 1982).

[2] Con anterioridad —excepto el período comprendido entre el 1904 al 1908— las costas, al igual que los honorarios de abogado, eran de imposición discrecional.

presamente la pretensión de un reclamante. Adviértase, sin embargo, que estas instancias no aparecen detalladamente recogidas en las Reglas de Procedimiento Civil ni en ningún otro cuerpo de leyes aplicable. Forman parte del caudal doctrinario forjado en cada caso particular. Por ende, nuestra interpretación, aunque basada en la norma general, no tiene que ceñirse estrictamente a una interpretación restrictiva y sí a razones de justicia y de lógica. Este enfoque nos obliga a apartarnos de la posición que, aunque respetable, propone que sólo mediante enmienda a las Reglas podemos ampliar los contornos de la doctrina general elaborada por nuestras propias decisiones.

Bajo esta óptica, una parte que demuestra que antes de acudir al foro judicial hizo gestiones razonables y efectivas para que su deudor satisficiera su obligación, que intimó el pago de lo adeudado en debida forma y, aun así, dicho deudor rehusó cumplirla, debe tener derecho a recobrar una suma para pagar los honorarios de abogado en que razonablemente incurrió para hacer valer su derecho. De lo contrario se estaría prohijando el oportunismo y se erosionaría indebidamente el patrimonio del actor. Más aún, para el deudor recalcitrante es seductora la idea de no pagar su obligación y esperar a que el recurso del acreedor llegue a la vía judicial. Al inventario de consabidas molestias e inconvenientes de un litigio —y a veces la irremediable tardanza en el procesamiento— estaríamos añadiendo otro incentivo más para no pagar.

Existe un fundamento adicional para sostener la condena de honorarios en el caso de autos. Aunque la demandada Trans World hizo una oferta de sentencia al ser emplazada, la misma no puede librarla de responsabilidad por los honorarios a que la demandante hubiera tenido derecho hasta ese momento. En otras palabras, la Regla 35.1 de Procedimiento Civil permite que el reclamado haga una oferta para que se dicte sentencia en su contra con la imposición de costas y honorarios devengados hasta esa

etapa. Si el reclamante la rechaza y luego no obtiene sentencia en términos más favorables que los ofrecidos, no puede recobrar costas y honorarios de abogado a partir del momento en que la oferta se hizo. 7—Pte. 2 *Moore's Federal Practice* Sec. 68.06. Pero ello, repetimos, no significa que no pueda recobrar las costas y honorarios devengados con anterioridad a la fecha de la oferta.

De todos modos conviene apuntar que ninguna de las reglas procesales concebidas en nuestro ordenamiento para promover las transacciones puede servir de resguardo para amparar al litigante sagaz. No lo hemos hecho en el pasado. *Velilla* v. *Pueblo Supermarkets, Inc.*, 111 D.P.R. 585 (1981); *Febo Ortega* v. *Tribunal Superior*, 102 D.P.R. 405 (1974). Igual enfoque se impone al presente.

La demandada Trans World tampoco puede aprovecharse de la Regla 35.2 sobre Oferta de Pago. Su texto precisamente releva a un deudor de la imposición de costas, gastos y honorarios de abogados en casos de "cobro de dinero", únicamente si demuestra "que *antes de presentarse la demanda* ofreció al demandante la suma total a que tiene derecho e inmediatamente la depositare en el tribunal y resultare que dicha alegación es *cierta . . .*". (Énfasis suplido.) La prueba ante nos refleja que ella no ofreció a la demandante Raoca Plumbing la suma total antes de que se iniciara el pleito. Al contrario, rehusó honrar lo adeudado a pesar de haber sido intimada en debida forma.

En virtud del razonamiento expuesto, y en las circunstancias presentes en este caso, concurrimos con la sentencia que confirma al tribunal a quo en lo referente a haber evaluado la conducta de Trans World con anterioridad a la fecha de la presentación de la demanda y haber impuesto honorarios.

—O—

Voto disidente emitido por el Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Presidente Señor Trías Monge.

Mediante opinión de este Tribunal se confirma la imposición de honorarios de abogado por temeridad incurrida antes de contestarse la demanda, no obstante que la demandada, luego de emplazada, hizo a la demandante una oferta de sentencia por la suma reclamada y al contestar la demanda admitió adeudar dicha suma.

En *Mejías* v. *Jaime, Auditor Mpal.*, 52 D.P.R. 534 (1938), se reconoció la norma seguida en esta jurisdicción de que la imposición de honorarios de abogado a la parte perdidosa procede cuando ésta ha actuado con temeridad *al defenderse de la acción en su contra.* En sentido contrario, la falta de comparecencia en autos y la consiguiente anotación de rebeldía al demandado han impedido siempre que se le considere temerario y se le imponga el pago de honorarios de abogado. Véase el artículo *Rebelde sin Costas,* por el Lic. Hiram Sánchez Martínez, publicado en el Boletín Judicial, Año 4, Núm. 2, pág. 14 y ss. (abril–junio 1982).

La temeridad a que se refiere la Regla 44.1(d) de Procedimiento Civil no puede darse antes de iniciada la acción ni antes de que se conteste la demanda. Aquí la contestación, en vez de controvertir las alegaciones de la demanda, las aceptó.

Más aún, aquí se hizo una oferta de sentencia por la suma que fue concedida luego en la sentencia. La Regla 35.1 de Procedimiento Civil, que trata sobre ofertas de sentencia, exime del pago de costas y honorarios de abogado al oferente en casos como el presente. Dice, en lo aquí pertinente: "Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable [que la oferta hecha], ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta."

Estaría de acuerdo en que en justicia debe tener derecho a cobrar honorarios de abogado la parte que se ve obligada a reclamar judicialmente lo que se le adeuda y le es negado. Debería considerarse la temeridad en que incurrió el

demandado antes de iniciarse el pleito y antes de comparecer. Pero para ello habría que enmendar las reglas mencionadas y el procedimiento no es mediante legislación judicial.

Aparte de lo dicho, la cuantía de los honorarios impuesta en este caso tiene visos de acción punitiva. Ese no es el propósito de la Regla 44 de Procedimiento Civil, base para la imposición de honorarios de abogado. Señalamos en *Ferrer Delgado* v. *Tribunal Superior*, 101 D.P.R. 516, 517 (1973), que su propósito es "resarcir a la parte victoriosa en los gastos necesarios y razonables incurridos con motivo del litigio".

La cuantía de los honorarios, salvo el caso en que se hubieren pactado, debe hacerse depender del valor que en efecto tengan los servicios profesionales prestãdos. Y esto ha de depender, principalmente, del esfuerzo y del tiempo que el abogado haya tenido que dedicarle al caso. Redactar una demanda en cobro de dinero, como la de este caso, no puede haber requerido mucho esfuerzo. Y la tramitación del pleito, una vez presentada la demanda, ha requerido menos. Véanse: [*Pizarro*] *Félix* v. *Victory Carriers, Inc.*, 342 F.Supp. 1386 (1972); *Boyd* v. *Tribunal Superior*, 101 D.P.R. 651 (1973); *Del Toro* v. *Juncos Central Co.*, 43 D.P.R. 639 (1932).

Proveería según intimado en nuestra resolución sobre mostración de causa y dispondría la eliminación de la condena en honorarios de abogado.