# 95 DTA 80

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

PROMANSER, INC.
Apelante

v.

LUZ C. VALENTIN TORRES
Apelada

Núm. KLAN-95--00170

San Juan, Puerto Rico, a 5 de mayo de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano,
y los jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

La apelante de epígrafe recurre ante nos de la sentencia de 24 de marzo de 1994, emitida por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan. La referida sentencia desestimó la demanda incoada por la apelante, con imposición de costas y honorarios de abogado. En la demanda se requirió que la demandada entregara la posesión

del vehículo de motor marca Pontiac, modelo Grand-Am, tablilla BDE-418, el cual alegadamente era propiedad de la corporación demandante. Basaba su causa de acción en que la demandada utilizaba el vehículo sin el consentimiento de la corporación demandante y sin que la corporación obtuviera ningún beneficio de ello. La demandada alega que el vehículo le había sido regalado por su esposo, el señor Héctor M. Arroyo Rosa.

Por entender que el Tribunal de Instancia tenía bases suficientes sobre las cuales fundamentar su decisión, confirmamos la sentencia apelada.

## I

El escrito de apelación se encontraba pendiente de resolver ante el Tribunal Superior a la fecha en que entró en vigor la Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994. A tenor con la Orden Administrativa Núm. XIII, adoptada por el Juez Presidente del Tribunal Supremo el 25 de enero de 1995, el presente caso fue referido a nuestra consideración.

El Tribunal de Instancia determinó lo siguiente: que el señor Arroyo Rosa era el presidente de la corporación demandante y para el 1990, siendo el dueño absoluto de la corporación, se casó con la demandada; que casi de inmediato adquirió el automóvil objeto de la demanda y lo entregó a la parte demandada para su uso, goce y disfrute; que la única razón para que se adquiriera a nombre de la Corporación lo fue una estrictamente económica; y que de la misma manera, por razones también económicas, la corporación paga el automóvil que con posterioridad a la separación y divorcio de la pareja el señor Arroyo Rosa adquirió para su uso y disfrute personal.

Se nos plantea la comisión de cuatro errores:

*"Primer error: Erró el Tribunal de Instancia al desestimar la demanda instada.*

*Segundo error: Cometió grave error de derecho el tribunal de instancia, al concluir que el automóvil en controversia había sido un regalo de la corporación demandante-apelante a la esposa de su presidente, la demandada, cuando la prueba desfilada acreditó que se trataba de un bien adquirido por la corporación.*

*Tercer error: Incidió el tribunal de instancia al denegar la admisibilidad de una carta enviada por el abogado de la demandada a la abogada del señor Héctor M. Arroyo Rosa, presidente de la corporación, durante el trámite de la acción de divorcio y en que se admitía y reconocía que el vehículo era·propiedad de la corporación demandante- apelante.*

*Cuarto error: Erró el tribunal de instancia al condenar a la parte demandante-apelante al pago de honorarios de abogado y costas, cuando ello no ha sido solicitado por la parte demandada."*

## II

El primer señalamiento de error se dirige contra el remedio concedido por el tribunal. Una vez el tribunal determina que la parte demandada recibió el automóvil como regalo, el cual es uno de los modos de adquirir la propiedad, ▆ procede desestimar la demanda sobre reivindicación de bien mueble. La donación es un modo especial de adquirir y trasladar la propiedad y dominio de los bienes muebles e inmuebles. *Ex Parte González Muñiz*, ___ D.P.R. ___ (1991), **91 J.T.S. 56.** Esta donación de bienes muebles puede hacerse verbalmente, en cuyo caso se requiere la entrega simultánea de la cosa donada. *"Si no hay esa simultaneidad, la donación no surtirá efecto a menos que la oferta y aceptación consten por escrito". Ex Parte González Muñiz, supra.* En el caso ante nos, la donación fue acompañada de la entrega del automóvil y la aceptación por parte de la parte demandada, por lo que se

perfeccionó la misma.

El segundo planteamiento de error se dirige contra la apreciación de la prueba realizada por el Tribunal de Instancia. La prueba que tuvo ante sí el tribunal sentenciador estableció que el señor Arroyo Rosa adquirió el auto y se lo regaló a la parte demandada. Se desprende de la sentencia emitida, que el tribunal determinó que el señor Arroyo Rosa utilizó el andamiaje corporativo como un subterfugio para obtener ventajas contributivas. La Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.2, dispone que las determinaciones de hechos basadas en testimonio oral, no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. La prueba presentada apoya las determinaciones hechas por el tribunal.█ Una vez se determina que se trata de una donación, procede evaluar si un automóvil constituye un regalo módico.

El Art. 1286 del Código Civil de P.R., 31 L.P.R.A. sec. 3588; declara nula toda donación entre cónyuges, hecha durante el matrimonio. Esta prohibición no aplica a los regalos módicos hechos en ocasión de regocijo para la familia. La determinación de la modicidad de las donaciones entre cónyuges compete exclusivamente a los tribunales, por tratarse de un área del derecho sustantivo. *Soto de Bernier v. Rivera Cestero,* 106 D.P.R. 35, 39 (1977). Aún cuando en *Capó v. Santiago A. Panzardi & Co.,* 44 D.P.R. 232 (1932) se determinó que el automóvil en ese caso estaba fuera de la esfera del regalo moderado que pudo ofrecerle dentro de la situación económica en que se encontraba, ello no impide que dados los cambios económicos y sociales efectuados en nuestra sociedad, hoy día pueda considerarse el regalo de un automóvil como un regalo módico. El Tribunal Supremo ha resuelto que en ausencia de pasión, prejuicio, parcialidad o error manifiesto, no se intervendrá con la apreciación de la prueba desfilada que haya hecho el tribunal de instancia. *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8, (1987).

El tercer planteamiento de error se dirige contra la decisión del tribunal de instancia denegando la admisibilidad de una carta enviada por el abogado de la demandada al abogado del señor Arroyo Rosa durante el trámite del pleito de divorcio. Resolvemos que el error no fue cometido. En el transcurso de las negociaciones entre las partes en un pleito de divorcio, éstas buscan dividir sus bienes sin necesidad de recurrir a un pleito contencioso. Como bien aduce la parte demandada en su alegato, se trata de una oferta transaccional, la cual no es admisible en evidencia de acuerdo a la Regla 22 de Evidencia, 32 L.P.R.A. Ap. IV, R. 22█

La prueba de referencia admisible bajo la Regla 62 de Evidencia es la declaración del demandado que se ofrece en evidencia contra éste, para probar el contenido de la declaración. A este tipo de evidencia se refiere el concepto de admisión. Sin embargo, razones de política pública exigen, en algunas situaciones, la exclusión de una admisión. Así, no son admisibles las declaraciones hechas en el curso de una negociación de una transacción, si se ofrecen para probar responsabilidad del declarante o para probar que su reclamación no es válida.█ Se trata de una consideración de orden público de alta jerarquía. El propósito es fomentar las transacciones extrajudiciales de las disputas o controversias civiles. Se extiende a la conducta o manifestaciones hechas en el curso de la negociación o transacción. De otro modo, no se lograría el objetivo de fomentar las transacciones█

Esta evidencia es admisible si se ofrece para otros propósitos. La apelante la ofrece precisamente para establecer que la reclamación hecha por la parte demandada no es válida, razón por la cual es inadmisible. No erró el tribunal sentenciador al excluir la carta que se quiso presentar en evidencia.

El último planteamiento de error, impugna la condena de pago de honorarios de abogado y costas basándose en que la parte demandada no los solicitó. La determinación de si un

litigante ha procedido con temeridad, descansa en la sana discreción del tribunal sentenciador. *Racoa Plumbing v. Trans World,* 114 D.P.R. 464 (1983). Una vez se determina la existencia de temeridad, la condena de honorarios es imperativa. *Férnandez v. San Juan Cement Co., Inc.,* 118 D.P.R. 713 (1987). La partida de honorarios de abogado concedida no se variará en apelación, a menos que la misma sea excesiva, exigua o constituya un abuso de discreción. *Ramírez Anglada v. Club Cala de Palmas,* 123 D.P.R. 339 (1989).

Tampoco le asiste la razón con relación a la imposición del pago de costas. La Regla 44.1 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.1(a); dispone que las costas se concederán a la parte victoriosa en el pleito. El derecho a ser resarcido en los gastos del litigio surge cuando recae sentencia a su favor. Luego de ese momento es que puede la parte victoriosa en el pleito, reclamar el pago de costas. *Ferrer Delgado v. Tribunal Superior,* 101 D.P.R. 516 (1973).

Por todos los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 80

1. Art. 549, Código Civil de P. R., 31 L.P.R.A. sec. 1931.

2. De la exposición narrativa de la prueba, surge que el automóvil estaba en posesión de la demandada por determinación personal del señor Héctor M. Arroyo. La demandada lo acompañó al solar de carros al momento de adquirirlo, y éste le regaló el automóvil. Quien utilizaba, llevaba a reparar el automóvil y pagaba las reparaciones era la demandada. Dicho vehículo permanecía siempre en la residencia conyugal. Para las gestiones corporativas se utilizaba un vehículo Cherokee. El automóvil aparece a nombre de la corporación sólo para fines contributivos.

3. Esta regla hace inadmisible evidencia de conducta o manifestaciones hechas en el curso de la negociación de la transacción.

4. Chiesa, *Práctica Procesal Puertorriqueña, Vol. I, Evidencia,* **Publicaciones J.T.S.,** 1979, pág. 293.

5. Chiesa, *Práctica Procesal Puertorriqueña, supra,* pág. 98.