ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| LISSETTE SILVA SILVA<br>Apelada<br><br>v.<br><br>DAVID LUGO PÉREZ<br>Apelante | KLAN202301022 | Apelación procedente del Tribunal de Primera Instancia, Mayagüez<br><br>Civil Núm.:<br>MZ2019CV00334<br><br>Sobre:<br>Liquidación de bienes gananciales |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 11 de diciembre de 2023.

Comparece el señor David Lugo Pérez, en adelante el señor Lugo o el apelante, y solicita que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante TPI. Mediante la misma, el TPI dividió los bienes adquiridos durante su matrimonio con la señora Lissette Silva Silva, en adelante la señora Silva o la apelada. Particularmente, ordenó al apelante depositar una suma de dinero a favor de uno de sus hijos y determinó que un vehículo de motor fue un regalo módico que aquel le concedió.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**-I-**

En el contexto de una *Demanda* sobre liquidación de bienes gananciales, la señora Silva solicitó finalizar la indivisión de los bienes y las deudas adquiridas durante su matrimonio con el señor Lugo.[1]

---

[1] Apéndice del apelante, págs. 28-29.

Por su parte, el apelante presentó su *Contestación a la Demanda*.[2] En lo aquí pertinente, adujo que la apelada tiene un vehículo de motor que el apelante adquirió con bienes privativos.

Transcurridos varios trámites procesales, que resulta innecesario pormenorizar para resolver la controversia ante nos, el TPI celebró el juicio, recibió el testimonio de las partes bajo juramento, admitió la prueba documental estipulada por estas y en lo pertinente, acogió las siguientes determinaciones de hechos:

[...]

8. La Cooperativa de Ahorro y Crédito de Rincón expidió cheque #118469 a nombre de Lissette Silva Silva el 7 de noviembre de 2013, de la cuenta #000045002.[3]

[...]

19. Tras la prueba desfilada y creída por este Tribunal se entiende que el vehículo Fiat fue un regalo módico hecho a la demandante dentro de las condiciones sociales y económicas del matrimonio al momento de recibir la compensación por la transacción alcanzada por las partes. De la exposición narrativa de la prueba, surge que el automóvil estaba en posesión de la demandada [*sic.*] por determinación personal del demandado. Incluso el vehículo estaba a su nombre y el propio demandado determinó utilizar dinero adicional de la compensación privativa recibida para que se efectuaran los pagos mensuales desde la cuenta del First Bank. De hecho, de la teoría de la parte demandada en la página seis del Informe de Conferencia con Antelación a Juicio, reconoce que ese vehículo le corresponde a la demandante y le adjudicó un valor de $34,000.[4]

Finalmente, el foro sentenciador ordenó al señor Lugo a depositar la cantidad de $10,510.68 a favor de su hijo y a pagar a la señora Silva la mitad del balance de las acciones retiradas. Del mismo modo, concedió el automóvil a la apelada, por considerarlo como un regalo módico realizado por el apelante.

Inconforme con la determinación, el señor Lugo presentó una *Moción de Reconsideración*.[5]

Mientras, la señora Silva presentó una *Oposición a "Moción de Reconsideración".*[6]

---

[2] *Id.*, pág. 30.
[3] *Id.*, pág. 4.
[4] *Id.*, pág. 5.
[5] *Id.*, págs. 11-16.
[6] *Id.*, págs. 17-25.

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar la solicitud de reconsideración.[7]

Aun insatisfecho, el apelante presentó una *Apelación* en la que alega que el TPI incurrió en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL VEHÍCULO DE MOTOR FIAT, VALORADO EN $34,000.00, FUE UN REGALO MÓDICO HECHO A LA DEMANDANTE-APELADA POR EL DEMANDADO-APELANTE, EN OCASIÓN DE REGOCIJO FAMILIAR, DENTRO DE LAS CIRCUNSTANCIAS SOCIALES Y ECONÓMICAS DEL MATRIMONIO AL MOMENTO DE RECIBIR LA COMPENSACIÓN DE $100,000.00 POR LOS DAÑOS Y PERJUICIOS, SIENDO DICHA SUMA DE DINERO PRIVATIVA.

> ERRÓ EL HONORABLE TRIBUNAL AL CONSIDERAR COMO UN REGALO Y/O DONACIÓN ENTRE CÓNYUGES LA SUMA DE $13,000.00 QUE LA DEMANDANTE-APELADA RETIRÓ DE LA CUENTA PRIVATIVA SOCIO 4002 PERTENECIENTE AL DEMANDADO-APELANTE. NO SIENDO DICHO RETIRO UN REGALO MÓDICO EN OCASIÓN DE REGOCIJO PARA LA FAMILIA.

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

-II-

A.

Conforme dispone el Código Civil de Puerto Rico de 1930:

Será nula toda donación entre cónyuges durante el matrimonio, salvo por las excepciones que a continuación se establecen:

> (1) Los regalos módicos que los cónyuges se hagan en ocasiones de regocijo para la familia.[8]
> […]

Según explica el profesor Raúl Serrano Geyls, la prohibición de donaciones mutuas entre los cónyuges responde "a la necesidad de evitar influencias, coacciones y abusos que el cónyuge más fuerte podría ejercer sobre el más débil".[9]

---

[7] *Id.*, pág. 27.

[8] Art. 1286 del Código Civil de 1930 (31 LPRA sec. 3588). Cabe destacar que el Código Civil de Puerto Rico de 1930, vigente al momento en que ocurrieron los hechos del presente caso, fue derogado y sustituido mediante la Ley Núm. 55-2020, aprobada el 1 de junio de 2020, conocida como Código Civil de Puerto Rico de 2020. Véase, además, *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884, 903 (2016).

[9] R. Serrano Geyls, *Derecho de familia de Puerto Rico y legislación comparada*, San Juan, Ed. Programa de Educación Jurídica Continua de la UIPR, 1997, Vol. I, pág. 317. Véase, además, *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 96 (2011).

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que **la determinación de la modicidad de las donaciones entre cónyuges compete exclusivamente a los tribunales**, por tratarse de un área del derecho sustantivo.[10]

Como fundamento de lo anterior, nuestro más alto foro ha declarado:

> Refiriéndose a este aspecto del Art. 1334 del Código Civil Español, equivalente al 1286 nuestro, Scaevola expresa:
>
> Por consiguiente, **siempre habrá que dar por supuesto que la modicidad a que alude el precepto ha de ser un punto de hecho de la exclusiva competencia del Tribunal sentenciador**, cuando el caso se presente en forma de contienda judicial; y en toda ocasión, aun tratándose de fortunas espléndidas, más que a tal entidad módica, debe atenderse a si la liberalidad excede del límite, o sea la décima parte de los bienes presentes que señala el artículo 1.331 para las donaciones de los desposados en las capitulaciones matrimoniales.[11]

**B.**

Como regla general, un tribunal apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad de sustituir por sus propias apreciaciones, las determinaciones del foro de instancia.[12] Esto es, los tribunales apelativos deben mantener deferencia para con la apreciación de la prueba que realiza un tribunal de instancia.[13] El fundamento de esta deferencia es que el juez de primera instancia tuvo la oportunidad de observar toda la prueba presentada y, por lo tanto, se encuentra en mejor situación que el tribunal apelativo para considerarla.[14] En vista de esta deferencia, los tribunales apelativos no intervendremos con la apreciación de la prueba reflejada en las determinaciones de hechos del tribunal apelado en ausencia de

---

[10] *Soto de Bernier v. Rivera Cestero*, 106 DPR 35, 39 (1977); *Capó Vázquez v. Panzardi & Co.*, 44 DPR 232 (1932). (Énfasis suplido).

[11] *Soto de Bernier v. Rivera Cestero, supra,* pág. 39. (Énfasis suplido y citas omitidas).

[12] *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999).

[13] *McConnell v. Palau*, 161 DPR 734, 750 (2004).

[14] Véase, *Argüello v. Argüello,* 155 DPR 62, 78-79 (2001).

circunstancias extraordinarias o indicios de pasión, prejuicio o parcialidad, o que cometió un error manifiesto.[15]

No obstante, cuando las conclusiones de hecho se basan en prueba pericial o documental, el tribunal de apelaciones se encuentra en la misma posición que el tribunal de instancia.[16] De modo, que el tribunal intermedio no está obligado a conceder deferencia a la apreciación de la prueba del foro sentenciador.

**-III-**

El apelante alega que el vehículo de motor no puede ser considerado un regalo módico, en tanto equivale al doble de su ingreso anual, excede el diez por ciento del valor de los bienes del donante y el hecho de haber recibido $100,000.00, por concepto de una compensación por los daños sufridos como consecuencia de un accidente, no representa un cambio sustancial de su situación económica.

Por otro lado, arguye que como el TPI no catalogó el importe del cheque #118469, por la cantidad de $13,000.00, a nombre de la señora Silva, como regalo módico, en consecuencia, se trata de una donación nula, conforme al Art. 1286 del Código Civil de Puerto Rico, 31 LPRA sec. 3588.

En cambio, la apelada alude a que, conforme a la prueba oral, el vehículo en controversia estaba en posesión de la señora Silva por determinación del señor Lugo, que el apelante determinó utilizar dinero privativo para pagar el préstamo del automóvil y que este se compró para el uso exclusivo de la apelada. Además, insiste en que el automóvil fue un regalo módico de parte del apelante y que bajo el mismo Art. 1286, *supra*, esta donación es permitida.

Sobre el cheque a su favor, con fondos provenientes de la cuenta alegadamente privativa del señor Lugo, por la suma de

---

[15] Véase, *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020).
[16] *Sucn. Rosado v. Acevedo Marrero, supra*, pág. 918 (2016).

$13,000.00, la señora Silva aduce que se trata de una suma de dinero para una cirugía que el apelante le prometió y luego le cumplió. Así pues, también sostiene que se trató de un regalo y/o donación entre cónyuges.

De la normativa previamente expuesta se desprende que la modicidad de las donaciones entre cónyuges compete exclusivamente a los tribunales. Es decir, es un asunto de evaluación de la prueba que corresponde al Tribunal de Primera Instancia. Sin embargo, el apelante no presentó ninguno de los métodos de reproducción de la prueba oral que contempla el reglamento de este tribunal intermedio. Por tal razón, el señor Lugo no nos puso en posición de revisar la apreciación de la prueba de parte del foro sentenciador. Así pues, en ausencia de pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba, las determinaciones de hechos y la aquilatación de la modicidad de los regalos, realizadas por el Tribunal de Primera Instancia, ameritan nuestra deferencia.

**-IV-**

Por los fundamentos previamente expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones